█ In the Matter of the Estate of BETTY AGREST, Deceased. MALAKU J. STEEN, Appellant; NANCY BONIOR et al., Respondents. [719 NYS2d 261] —In a turnover proceeding pursuant to SCPA article 21, the petitioner appeals from an order of the Surrogate's Court, Richmond County (Fusco, S.), dated December 16, 1999, which denied his motion for summary judgment on the petition.

Ordered that the order is reversed, on the law, with costs payable by the respondents personally, the motion is granted, and the matter is remitted to the Surrogate's Court, Richmond County, for further proceedings consistent herewith.

Neither of the forms for the power of attorney issued to the decedent's half-brother, Leroy White, in the two weeks before the decedent's death expressly authorized him to make a gift of the decedent's real property to his wife, Florence White. Thus, the gratuitous conveyance was, on its face, a breach of his fiduciary duty and therefore invalid (*see, Semmler v Naples,* 166 AD2d 751; *Moglia v Moglia,* 144 AD2d 347).

In support of his motion for summary judgment on the petition, the petitioner submitted a copy of the certified City of New York Real Property Transfer Tax Return filed by the Whites regarding this conveyance, which established that the transfer to Florence White was a gift. The burden then shifted to the respondents to demonstrate the decedent's donative

intent by admissible evidence. The respondents failed to come forward with any proof that the decedent intended to make a gift of her real property to Florence White (*see, Semmler v Naples, supra*).

There is no merit to the respondents' contention that Florence White gave consideration for the transfer, since she took title to the property subject to a mortgage and other liens. It is undisputed that she did not discharge any of the decedent's debts before she sold the property (*cf., Thomas v Evans,* 105 NY 601). Furthermore, the respondents' reliance on the defense of laches is without merit. The respondents Nancy Bonior and Stephen Foust were not bona fide purchasers, as they were alerted to several defects in the title before they purchased the property.

The argument by Bonior and Foust that they have a meritorious counterclaim for reimbursement of their expenses related to improvements they made to the property is not properly before this Court. Since the Surrogate's Court did not address their cross motion for leave to amend their answer to assert the counterclaim, that cross motion remains pending and undecided (*see, Katz v Katz,* 68 AD2d 536). Ritter, J. P., S. Miller, Goldstein and Smith, JJ., concur.