■ RONALD SALONEN, Respondent, v ROSE M. SALONEN, Appellant. [777 NYS2d 326]—

In an action for a judgment declaring a deed null and void, the defendant appeals from an order of the Supreme Court, Putnam County (Hickman, J.), dated May 5, 2003, which granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Putnam County, for the entry of a judgment declaring that the subject deed is null and void.

In 1998 the plaintiff Ronald Salonen and his brother Robert Salonen (hereinafter the decedent) were deeded certain real property as joint tenants by their mother. After he was hospitalized in March 2001, the decedent gave his wife Rose Marie Salonen, the defendant, a general power of attorney. Acting pursuant to the power of attorney, the defendant transferred the decedent's interest in the real property to herself, without consideration. The deed was recorded on April 23, 2001, two days before the decedent's death. The plaintiff commenced this action to declare the deed null and void.

The Supreme Court properly granted the plaintiff's motion for summary judgment. The power of attorney, by its own terms, expressly excluded from the authority granted to the defendant the power to make gifts to herself as attorney-in-fact. Accordingly, her contention that the transaction was authorized under the "all other matters" provision of the power of attorney (*see* General Obligations Law § 5-1502*O*) is without merit, and the conveyance was invalid (*see Matter of Agrest,* 279 AD2d 471 [2001]). Furthermore, in response to the plaintiff's motion, the defendant failed to present proof that the decedent intended to make this gift (*see Matter of Agrest, supra; Mantella v Mantella,* 268 AD2d 852 [2000]; *Semmler v Naples,* 166 AD2d 751 [1990]).

Since this is a declaratory judgment action, the Supreme Court should have directed the entry of a judgment declaring that the subject deed was null and void (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Ritter, J.P., S. Miller, Townes, Crane and Rivera, JJ., concur.