OPINION OF THE COURT
Eve Preminger, S.
Respondent’s motion to reargue should be granted and, after reargument, the court adheres to its original decision.
The main question on reargument is whether the court misapprehended the facts or misapplied the law in denying respondent’s motion to compel (CPLR 2221). In its original decision, this court properly denied respondent’s motion to compel decedent’s attorney to testify about conversations concerning the preparation of a power of attorney, which respondent used, as agent, to gift more than $1,000,000 to himself. That attorney’s testimony is irrelevant because the power of attorney at issue is unambiguous.
The provision in question is a modification of subdivision (M) of the statutory short form power of attorney (General Obligations Law § 5-1501), which provides for making gifts. As amended, the power of attorney executed by the decedent gives the agent the power of “(M) making gifts to my spouse, children and more remote descendants, and parents in any amount, even to the attorney(s)-in-fact themselves.”
Petitioner administrator claims that the last phrase “even to the attorney(s)-in-fact themselves” applies only to situations where the attorney-in-fact is a member of the class of specified relatives. Respondent, who is the grandnephew of the decedent, concedes that he is not one of the specified family members. Respondent’s view is that the phrase authorized him to give gifts to himself or, at the very least, is ambiguous on its face so that the court must resort to extrinsic evidence to determine its meaning. In the alternative, he claims that extrinsic evidence can be used to demonstrate that an ambiguity exists.
To be ambiguous, this provision must be shown to be susceptible to two different meanings, or uncertain as to any meaning at all (Black’s Law Dictionary 88 [8th ed 2004]). The court finds neither to be the case.
Respondent essentially argues that the word “even” adds a new class of those' entitled to receive gifts under the power of attorney, that is, attorneys-in-fact in addition to the family members listed before. The definition of the word “even,” however, allows for no such interpretation. “Even,” used as an *891 adverb, is an intensifier, indicating something that is unexpected or enlarging the degree or extent of what it modifies (see American Heritage College Dictionary 483 [4th ed 2002]). There is no basis for respondent’s suggestion that “even” should be understood to mean to add to the class of permissible donees.
Indeed, interpretation of the word in accordance with the dictionary definition makes perfect sense in the context of the instrument. Gifts under the power of attorney must be those which the agent “reasonably deems to be in the best interest of the principal” (General Obligations Law § 5-1502M [1]). If the agent has made a large gift to him or herself or a close family member without explicit authority to do so, a presumption of impropriety arises, and reliance on a general provision of the power of attorney for the authority is insufficient to rebut it. That agent must demonstrate the principal’s donative intent (Matter of Agrest, 279 AD2d 471 [2001] [gratuitous transfer of real property to agent’s wife]; Semmler v Naples, 166 AD2d 751 [1990] [transfer to joint account, with agent and agent’s sister having rights of survivorship]; Moglia v Moglia, 144 AD2d 347 [1988] [transfer of real property to agent’s sister]; Mantella v Mantella, 268 AD2d 852 [2000]; Matter of Roth, 283 AD2d 504 [2001]; Matter of Naumoff, 301 AD2d 802 [2003]; Matter of Clinton, 1 Misc 3d 913[A], 2004 NY Slip Op 50056[U] [2004]). It is natural to include the phrase “even to the attorney(s)-in-fact themselves” to insure that the group of permissible donees as specified extends to the attorney-in-fact, a result that may be unexpected or perhaps otherwise forbidden under the case law.
Respondent attempts to use this line of cases to show that, in determining the principal’s donative intent, courts often go beyond the four corners of a document granting power of attorney into the realm of parol evidence to determine the agent’s power under the document. The fatal flaw in this argument is that the extrinsic evidence introduced in those cases was not being used, as respondent seeks to do here, to interpret gifting language in an instrument. The evidence was admitted to give the attorney-in-fact an opportunity to overcome the presumption of impropriety that attached to the gift and prove the principal’s donative intent. Parol evidence is not being used to explain the document, but to ensure against its misuse.
Moreover, this interpretation does not fail, as respondent argues, to give meaning to all the language of the document, thereby making the language at issue a superfluous amendment. The statutory short form power of attorney (General *892 Obligations Law § 5-1501) contains language that authorizes the attorney-in-fact to engage in a very broad array of activities on the principal’s behalf. In selecting among the possible powers to grant to an attorney-in-fact, a principal will often include extraneous language that is inapplicable to the current contract. In this case, the only substantive change from the statutory short form was to remove the restriction on the amount of a gift to specified family members (General Obligations Law § 5-1502M [1]; § 5-1503). The document otherwise adheres to the substantive statutory text, which includes extraneous language that does not apply here.
Respondent has done nothing to bring this case outside the well-established rule that extrinsic or parol evidence cannot be used to create an ambiguity in an otherwise clear agreement (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 163 [1990]; R/S Assoc. v New York Job Dev. Auth., 98 NY2d 29, 33 [2002]; Spector v Sovereign Constr. Co., 45 AD2d 673 [1974]; Matter of Ault, 207 AD2d 312 [1994]; see Matter of Wickwire, 270 AD2d 659 [2000]).
Finally, it should be noted that clarity in drafting powers of attorney is of the utmost importance because, unlike many other contracts, it is intended to be relied upon by persons who are not parties to the agreement. Rather than undercut its rationale, this gives more strength to the traditional rule excluding extrinsic evidence in construing the plain language in agreements.
Accordingly, the motion for reargument is granted, and the court adheres to its original decision to deny respondent’s motion to compel the testimony of decedent’s attorney.