■ In the Matter of the Estate of RAYMOND MAIKOWSKI, Deceased. BARBARA M. KISLAK, as Administratrix of the Estate

of RAYMOND MAIKOWSKI, Deceased, Respondent; ROBERT BOURKE, Appellant. [808 NYS2d 174]—

Order, Surrogate's Court, New York County (Eve M. Preminger, S.), entered November 4, 2004, which, insofar as appealed from, denied respondent's motion to compel the testimony of attorney Douglas Chu in a pretrial examination, unanimously reversed, on the law, without costs, and the motion to compel granted. Order, same court and Surrogate, entered on or about December 23, 2004, which, to the extent appealed from, granted petitioner's cross motion for summary judgment directing respondent to deliver to petitioner all cash and property transferred to himself by use of the power of attorney, unanimously reversed, on the law, without costs, the cross motion denied, and the matter remanded for further proceedings.

The statutory short form durable general power of attorney set forth in General Obligations Law § 5-1501 includes the power, inter alia, of "(M) making gifts to my spouse, children and more remote descendants, and parents, not to exceed in the aggregate $10,000 to each of such persons in any year." The statutory short form durable general power of attorney executed by the decedent herein named respondent as the decedent's attorney-in-fact and granted respondent the power, inter alia, of "(M) making gifts to my spouse, children and more remote descendants, and parents *in any amount, even to the attorney(s)-in-fact themselves*" (emphasis added). During the period including the month preceding the decedent's death and several days thereafter, respondent transferred to himself more than $1 million of the decedent's assets.

Petitioner, the administrator of the decedent's estate, seeks an order, pursuant to SCPA 2104, directing respondent to deliver to the estate all the cash and property that respondent caused to be transferred to himself from the decedent's accounts and other property originally belonging to the decedent or his wife. Petitioner contends that respondent was not a permissible donee under the power of attorney because he is not a spouse, child, more remote descendant or parent of the decedent. Respondent

argues that the gifting provision added a new class of permissible donees, the "attorney(s)-in-fact," under the power of attorney.

The Surrogate found that the word "even" as used in the gifting provision is susceptible of one meaning only, and that the "even to the attorney(s)-in-fact" language simply makes it explicit that the list of statutory permissible donees includes any who are attorneys-in-fact, a result that may be unexpected or even forbidden under the case law. However, while the "even to the attorney(s)-in-fact themselves" language may reasonably be interpreted as a means of avoiding any presumption of impropriety arising from the fact that a family member may also be an attorney-in-fact, we find that it is reasonably susceptible of another interpretation.

When the decedent executed the power of attorney, the only surviving statutory permissible donee was his wife, who was not named as an attorney-in-fact. The only person named as an attorney-in-fact was respondent, who was not a statutory permissible donee. In other words, there were no statutory permissible donees who were also attorneys-in-fact and whose legitimacy as such needed to be recognized. Thus, while, as the Surrogate observed, "[i]n selecting among the possible powers to grant to an attorney-in-fact, a principal will often include extraneous language that is inapplicable to the current contract," the "even to the attorney(s)-in-fact themselves" language in the instant power of attorney may reasonably be interpreted to create a new class of permissible donees. The testimony of the decedent's attorney as to the decedent's donative intent is admissible to resolve the ambiguity (*cf. Greenfield v Philles Records*, 98 NY2d 562, 569 [2002] [extrinsic evidence of parties' intent may be considered if agreement is ambiguous]).

Indeed, even if the gifting provision were not ambiguous, the parol evidence rule would not bar respondent from presenting extrinsic evidence to demonstrate that he was authorized to make gifts of the decedent's property to himself, since even where a power of attorney does *not* explicitly grant the attorney-in-fact authority to make gifts of the decedent's property to himself, courts permit the attorney-in-fact to present evidence of the principal's donative intent (*see e.g. Matter of Naumoff*, 301 AD2d 802, 805 [2003] ["Although (unauthorized) gifts made by an agent to herself or others carry a presumption of impropriety and self-dealing, this presumption can be overcome with a clear showing of the principal's intent"], *lv dismissed* 100 NY2d 534 [2003]; *Matter of Agrest*, 279 AD2d 471 [2001]

[the gratuitous conveyance being established as a gift, the burden shifted to the attorney-in-fact to demonstrate that the decedent intended to make a gift of her real property to the recipient]; *cf. Matter of Salvation Army v Ferrara*, 3 Misc 3d 944, 946 [2004] ["since the power of attorney in question was executed by decedent with the express authority for the agent to make gifts to himself, there is no presumption of impropriety and the burden of proving the invalidity of the gift is on petitioner"]).

In denying respondent's motion to compel the testimony of the decedent's attorney as to his conversations with the decedent concerning the power of attorney, the Surrogate did not address the issue of whether those communications are subject to the attorney-client privilege. We find that "invasion of the privilege is required to determine the validity of the [petitioner's] claim or defense and application of the privilege would deprive [respondent] of vital information" (*New York TRW Tit. Ins. v Wade's Can. Inn & Cocktail Lounge*, 225 AD2d 863, 864 [1996] [internal quotation marks and citation omitted]; *see also Matter of Puckett*, 9 Misc 3d 1116[A], 2005 NY Slip Op 51568[U] [2005] [finding attorney-client privilege between decedent and his attorney waived by estate administrator in challenging validity of deed transfer on ground of undue influence or lack of intent]). Petitioner is challenging respondent's authority to make a gift of the decedent's assets to himself, "yet seeks to withhold the pivotal communication made between the decedent and his attorney on that subject" (*Puckett*, 2005 NY Slip Op 51568[U], *3). Accordingly, we find that the privilege has been impliedly waived by petitioner.

In granting petitioner's motion for summary judgment, the Surrogate did not address the portion of the motion that seeks summary judgment as to respondent's transfer of funds from joint accounts and transfers he made after the decedent's death, for which, regardless of how the power of attorney is interpreted, he lacked authority. Because the record on appeal is insufficient to permit our review of this claim, we remand that portion of petitioner's motion for further proceedings. Concur—Buckley, P.J., Mazzarelli, Ellerin, Catterson and McGuire, JJ. [*See* 7 Misc 3d 889 (2004).]