Matter of Argondizza (2019 NY Slip Op 00054)





Matter of Argondizza


2019 NY Slip Op 00054


Decided on January 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 3, 2019

Sweeny, J.P., Gische, Kahn, Oing, Singh, JJ.


8022 3991/12

[*1]In re Jeannine Shanley Argondizza, Deceased.
Leo Shanley, et al., Petitioners-Appellants,
v
Christopher Argondizza, Respondent-Respondent.


Joseph A. Ledwidge, P.C., Jamaica (Joseph A. Ledwidge of counsel), for appellants.
Goldfarb Abrandt Salzman & Kutzin LLP, New York (Michael S. Kutzin of counsel), for respondent.



Order, Surrogate's Court, New York County (Rita S. Mella, S.), entered October 13, 2017, which, to the extent appealed from, denied petitioners' cross motion for summary judgment on the petition for turnover of assets, and granted respondent's motion for summary judgment dismissing the petition, unanimously affirmed, without costs.
The court properly concluded that respondent overcame the presumption of self-dealing (see Estate of Ferrara, 7 NY3d 244, 254 [2006]; Matter of Maikowski, 24 AD3d 258, 260 [1st Dept 2005]) based upon petitioners' testimony that they knew about the power of attorney and understood that it would be used to transfer decedent's half-interest in the apartment to respondent in order for her to obtain Medicaid benefits. Additionally, decedent's treating physician testified that she told him about the transfer and indicated her approval. Moreover, respondent did not act in a surreptitious manner since he advised petitioners in advance that he was having a power of attorney prepared, and Leo Shanley was present when it was executed by decedent. Agnes Shanley typed the letter to the cooperative, which was signed by respondent and decedent, requesting the transfer of decedent's half-interest in the apartment to respondent.
Petitioners also failed to provide evidence that decedent intended to grant respondent only a life estate in the apartment, and her doctor testified that she believed the apartment belonged to respondent.
Petitioners contend that decedent suffered from dementia, which invalidated the power of attorney. However, as noted, Leo was present when it was signed. Moreover, both her doctor and her brother, also a doctor, testified that she was lucid and aware until the last days of her life, and she told her physician about retitling her interest in the apartment. As the court noted, the medical records provided by petitioners do not reflect a diagnosis of mental incapacity by a treating medical professional.
Based on the foregoing, petitioners' cross motion for leave to amend the petition to add a claim for partition becomes moot.
We have considered petitioners' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 3, 2019
CLERK