Matter of Angelina M. (Mark M.) (2021 NY Slip Op 00649)





Matter of Angelina M. (Mark M.)


2021 NY Slip Op 00649


Decided on February 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2019-13232
 (Index No. 30821/13)

[*1]In the Matter of Angelina M. (Anonymous). Debra Pagano Cohen, respondent; Mark M. (Anonymous), appellant.


Freeborn & Peters LLP, New York, NY (David A. Pallegrino and Richard Self of counsel), for appellant.
Vishnick McGovern Milizio, LLP, Lake Success, NY (Avrohom Gefen of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of Angelina M., an alleged incapacitated person, Mark M. appeals from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), dated August 28, 2019. The order granted the petition of Debra Pagano Cohen to revoke a health care proxy executed by Angelina M. in 2010, and revoked that health care proxy nunc pro tunc to March 15, 2016.
ORDERED that the order is affirmed, with costs.
Mark M., the son of Angelina M., commenced this proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian for the property management of Angelina M. The petitioner was then granted leave to amend the petition to also seek the appointment of a guardian for the personal needs of Angelina M. Angelina M. consented to the appointments of a personal needs guardian and a property management guardian for a period of two years. Joel S. Kaplan was appointed as Angelina M.'s property management guardian, and Debra Pagano Cohen was appointed as her personal needs guardian. Kaplan and Pagano Cohen then filed a petition seeking a determination that Angelina M. was incapacitated and an order making them her permanent guardians, and the petition was granted. Kaplan, in the performance of his duties as property guardian, found a health care proxy executed by Angelina M. on August 9, 2010, naming Mark M. as her health care agent. Pagano Cohen filed a petition to revoke that healthcare proxy. The Supreme Court granted the petition and revoked the health care proxy nunc pro tunc to March 15, 2016. Mark M. appeals.
"A competent adult may revoke a health care proxy by notifying the agent or a health care provider orally or in writing or by any other act evidencing a specific intent to revoke the proxy" (Public Health Law § 2985[1][a]). Angelina M. revoked the health care proxy prior to her incapacitation by executing a written revocation expressly revoking "any and all" documents of authority "of every nature[,] type[,] and description" in favor of Mark M. Contrary to Mark M.'s contention, the revocation is not limited to powers of attorney related to Angelina M.'s interest in real properties and certain limited liability companies and reflects Angelina M.'s intent to revoke all [*2]documents of authority in his favor, including the health care proxy. Also contrary to Mark M.'s contention, the revocation is clear and unambiguous, and the Supreme Court properly declined to consider the affidavit of the attorney who drafted the revocation (cf. Matter of Maikowski, 24 AD3d 258, 260).
The parties' remaining contentions are academic in light of our determination.
DILLON, J.P., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court