■ MARIE A. MOGLIA, Also Known as MARIA MOGLIA, Respondent, v LENA A. MOGLIA et al., Appellants.—In an action to determine the ownership of real properties, the defendants appeal from an order of the Supreme Court, Orange County (Ritter, J.), dated October 29, 1987, which granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs.

Before returning to her native Italy on a trip of indefinite length, the plaintiff executed a statutory short-form power of attorney agreement by which her adopted daughter the appellant Lena A. Moglia, was appointed her attorney-in-fact in regard to certain rental-producing properties and a retail liquor business which she owned. By the terms of the agreement, the appellant Lena A. Moglia agreed to collect the rents on the real properties and manage the liquor store. She further agreed to pay all the expenses attendant to the maintenance of the rental properties and the liquor store out of the gross income these properties produced and also to remit $2,500 per month to the plaintiff in Italy. Lastly, by the terms of this agreement, the appellant Lena A. Moglia was allowed to retain in consideration of her services any net profit that existed after the above payments had been made.

Several months after the plaintiff had returned to Italy, the appellant Lena A. Moglia conveyed the above properties as a gift to her sister the appellant Virginia Moglia. Simultane-

ously with the above conveyances Lena arranged to have Virginia execute a power of attorney agreement, by the terms of which Lena was appointed attorney-in-fact with regard to these properties. When the plaintiff learned several months later that Lena had transferred her properties to Virginia as a gift, she immediately revoked her power of attorney agreement with Lena. She then commenced the instant lawsuit seeking, *inter alia,* a judicial declaration that the conveyances to Virginia were null and void and that they should be canceled of record. As to the instant motion for summary judgment, the plaintiff contended that this relief should be granted as a matter of law because the appellant Lena Moglia breached her fiduciary duty by conveying the properties to Virginia without consideration. The Supreme Court granted the motion for summary judgment on the ground that the subject conveyances to Virginia were, in the absence of consideration, a clear violation of trust and a breach of Lena's fiduciary duty to the plaintiff. The court further ruled that alleged oral promises and family understandings concerning the transfer of the properties to the appellants were unenforceable and barred by the Statute of Frauds (General Obligations Law § 5-703).

The Supreme Court's declaration that the conveyance of the plaintiff's properties in the absence of consideration was null and void was proper. A power of attorney proffered by a principal is clearly given with the intent that the attorney-in-fact will utilize that power for the benefit of the principal. Nothing contained in General Obligations Law §§ 5-1501 through 5-1601 authorizes an attorney-in-fact to dispose of a principal's property by gift.

Moreover, the plaintiff was not precluded from obtaining the equitable relief she sought on the ground that her conduct was inequitable. Although a court will deny equitable relief to a litigant who has himself been guilty of inequitable conduct with reference to the subject matter of the transaction in suit *(see, Tepfer v Berger,* 119 AD2d 668, 669; *Levy v Braverman,* 24 AD2d 430) the record here does not indicate that the plaintiff has been guilty of such inequitable conduct. Kunzeman, J. P., Weinstein, Kooper and Balletta, JJ., concur.