◼ MOLLY BURNSIDE, Appellant, v DONALD J. FOGLIA, Respondent. [617 NYS2d 921] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Travers, J.), entered April 16, 1992 in Albany County, which denied plaintiff's motion for summary judgment, and (2) from an order of said court (Canfield, J.), entered November 16, 1993 in Albany County, which denied plaintiff's motion for reconsideration.

Plaintiff brought this action to recover the unpaid balance of several loans her late husband allegedly made to defendant. A total of $39,000 was advanced, from bank accounts jointly owned by plaintiff and her husband; defendant does not deny receiving the funds, but claims that they were gifts. Issue was joined and plaintiff moved for summary judgment. Supreme Court found that defendant's assertions raised questions of fact and credibility and, accordingly, denied the motion. Plaintiff appeals this ruling, as well as the court's subsequent denial of her motion for reconsideration.

Initially plaintiff argues that, because defendant did not respond to a notice to admit, among other things, that the moneys advanced were loans, he must be deemed to have admitted that fact. Requests for admissions with respect to contested facts that go to the very essence of the dispute being palpably improper, defendant's failure to respond thereto does not transform those requests into admissions that the advances were in fact loans (see, Orellana v City of New York, 203 AD2d 542; Washington v Alco Auto Sales, 199 AD2d 165).

Nevertheless, consideration of the materials submitted by both parties on the original motion for summary judgment leads us to conclude that the advances were indeed intended to be loans. In addition to her daughter's sworn testimony to that effect, plaintiff produced documentary evidence which establishes that at the time of the initial $20,000 advance, plaintiff and her husband set up a joint savings account and provided defendant and his wife with deposit slips, so that they could, when able, repay the money advanced to them. Defendant does not dispute that his wife made deposits to this account, totaling $2,950, of funds drawn from the couple's joint checking accounts, nor does he suggest that these transfers were made without his knowledge or consent. More importantly, he has not provided any alternative explanation for these transfers that would tend to rebut his wife's testi-

mony that they were intended as partial repayment of the amounts loaned (see, Kramer v Harris, 9 AD2d 282, 283).

In support of her motion, plaintiff also submitted a copy of a letter sent by defendant's attorney to his wife's attorney in which it was proposed, as part of a property settlement generated by the dissolution of their marriage, that plaintiff's daughter would assume liability for a debt of $18,000, referred to as "[defendant's] one-half of the debt owed" by the couple to plaintiff and her husband. This acknowledgement of the existence and nature of the debt (which, contrary to defendant's arguments, is admissible in this action, as it is simply a factual statement made during the course of settlement negotiations [see, Central Petroleum Corp. v Kyriakoudes, 121 AD2d 165, lv dismissed 68 NY2d 807; Bellino v Bellino Constr. Corp., 75 AD2d 630]), coupled with the unrefuted evidence that defendant and his wife undertook to repay part of the funds in the manner established by plaintiff and her husband, demonstrates that the transfers were understood by all parties to be loans; defendant's conclusory contrary assertions are insufficient to withstand summary judgment on this issue (see, e.g., Alvarez v Prospect Hosp., 68 NY2d 320, 325; Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255, 259). Unavailing also is defendant's claim that the loans were metamorphosed into gifts when plaintiff's husband, shortly before he died, told defendant that he would not be required to repay the money, for such an expression of donative intent, without more, is insufficient to effect a gift (see, Matter of Carr, 99 AD2d 390, 393-394).

Plaintiff is not entitled to summary judgment on her entire claim, however, for questions of fact remain with regard to whether defendant's obligation was joint and/or several with plaintiff's daughter, and whether either of them has in fact defaulted on the obligation imposed by the oral agreement, which required only that the funds be repaid "from time to time, in such amounts as [they] felt able to afford".

Cardona, P. J., Mikoll and Crew III, JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion regarding the question of whether the funds disbursed were loans or gifts; motion granted to that extent and plaintiff is awarded summary judgment declaring that the funds disbursed to defendant were loans; and, as so modified, affirmed.