◼ In the Matter of the Estate of LESKA M. NABER, Deceased. RICHARD E. NABER, as Executor, Respondent; CHARLES L. HANNEN, Appellant. [647 NYS2d 611] —Order unanimously affirmed without costs. Memorandum: Petitioner, as executor of the estate of Leska M. Naber (decedent), commenced this proceeding to recover possession of an automobile and $2,650 allegedly owned by the estate. Respondent moved for summary judgment dismissing the petition, contending that, prior to her death, decedent directed him to reimburse himself for services he had rendered to her during the past several years and to transfer the automobile to himself and that he followed those directions by exercising a general power of attorney executed by decedent nine days before her death. The Surrogate properly denied respondent's motion.

Respondent concedes that his testimony concerning a transaction with decedent would be inadmissible at trial under the Dead Man's Statute (CPLR 4519) and that his affidavit cannot be considered in support of his motion for summary judgment (*see, Phillips v Kantor & Co.,* 31 NY2d 307; *Zibbon v Town of Cheektowaga,* 51 AD2d 448, 452, n 1, *appeal dismissed* 39 NY2d 1056). Further, the unsworn statement of a funeral director cannot be considered in support of the motion for summary judgment. A funeral director is not among the class of persons authorized to submit an unsworn statement in lieu of an affidavit (*see,* CPLR 2106). The evidence fails to establish conclusively that the transfer of cash was made in exchange for specific services rendered or that decedent intended the transfer of the vehicle as a gift (*see, Semmler v Naples,* 166 AD2d 751, *appeal dismissed* 77 NY2d 936; *Moglia v Moglia,* 144 AD2d 347). (Appeal from Order of Erie County Surrogate's Court, Mattina, S.—Summary Judgment.) Present—Green, J. P., Lawton, Doerr, Balio and Boehm, JJ.