■ STATE OF NEW YORK, Respondent, v TRIONIX RESEARCH LABORATORY, INC., Appellant. [698 NYS2d 105] —Carpinello, J.

Appeal from an order of the Supreme Court (Hughes, J.), entered November 17, 1998 in Albany County, which, *inter alia*, granted plaintiff's motion for partial summary judgment on the issue of liability.

In April 1993, the State University of New York (hereinafter University) published a request for proposals (hereinafter RFP) for a medical imaging system. The RFP provided that payment "shall be processed upon receipt of invoice and after approval of University" and that submission of a signed bid constituted acceptance of the terms and conditions contained in the RFP and attachments. Defendant submitted a signed bid accompanied by a document referred to as a quotation, which contained a detailed description of the equipment and, with respect to payment, stated, "80% on delivery; 20% 30 days after applications training". The University issued a purchase order for the equipment which defendant delivered and subsequently removed when the University refused to pay 80% of the purchase price.

Plaintiff then purchased the equipment from a different source and commenced this action to recover the difference in cost. After issue was joined, defendant moved for summary judgment dismissing the complaint and plaintiff cross-moved for partial summary judgment on the issue of liability. Supreme Court denied defendant's motion and granted partial summary judgment to plaintiff, resulting in this appeal.

Defendant initially contends that plaintiff, having failed to respond to defendant's notice to admit and discovery demands, was not entitled to summary judgment. The first two requests for admissions concern the genuineness of certain documents, an issue which is not in dispute. The remaining requests seek admissions of contested facts concerning the terms of payment that go to the very essence of this dispute and, therefore, defendant's failure to respond does not transform those requests into admissions (*see, Burnside v Foglia*, 208 AD2d 1085). With regard to the unanswered discovery demands, defendant does not claim that there are facts currently unavailable but necessary to oppose plaintiff's cross motion (*see, Oeffler v Miles*, 241 AD2d 822, 824-825) and, consequently, the failure to respond is not fatal to plaintiff's cross motion.

Defendant next argues that it withdrew its bid in August 1993 before plaintiff's acceptance and that the University, through its purchasing agent, in effect entered into a different contract based upon the terms contained in the quotation. Ac-

cording to defendant, the University held its purchasing agent out as the person authorized to contract for the purchase of the equipment. The RFP, however, unambiguously states that it is the University's mailing of a purchase order to the bidder which constitutes a contract between the bidder and the University. Thus, negotiations with the purchasing agent culminating in a letter whereby defendant agreed to provide the equipment at the price stated in its original bid did not constitute a contract.

Rather, defendant's letter appears to be a reaffirmation of its original bid, which the University accepted by its September 22, 1993 purchase order. In the alternative, the letter was a new offer by defendant to provide the equipment upon the terms contained in the quotation. The University's purchase order stated that "[a]ll terms and conditions of [the] bid proposal * * * shall apply, in addition to standard New York State terms and conditions". By varying the terms of defendant's offer, the purchase order constituted a rejection and counteroffer (see, Homayouni v Paribas, 241 AD2d 375).

Regardless of whether the purchase order is viewed as the written acceptance of defendant's bid in conformance with the RFP or as a counteroffer which defendant accepted by delivery of the equipment requested in the purchase order, the parties contracted on the basis of the terms and conditions specified in the RFP, including the standard State terms and conditions. Those terms and conditions preclude any alteration of the contract "unless requested in writing and formally approved by the University". The record contains neither a written request to alter the payment term specified in the RFP nor the University's formal approval of such a change. Accordingly, defendant was not entitled to payment of 80% of the purchase price on delivery and it breached the contract by removing the equipment. Supreme Court, therefore, properly granted partial summary judgment to plaintiff on the issue of liability.

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.