■ IBE Trade Corp., Respondent, v Iouri P. Litvinenko, Appellant, et al., Defendants. (And Another Action.) [748 NYS2d 741] —Order and judgment (one paper), Supreme Court, New York County (Joan Lobis, J., upon decision after nonjury trial before Elliott Wilk, J.), entered June 25, 2001, inter alia, declaring that plaintiff owns all of the stock of defendant corporation as well as all of its property, assets and rights, and dismissing defendant-appellant's counterclaims, unanimously affirmed, with costs.

Ample evidence supports the findings that plaintiff incorporated defendant corporation in order to pursue a certain opportunity, hired appellant for his contacts and business experience in the relevant market, and was entitled to rely on appellant as its representative and agent. There is also ample evidence that appellant breached his fiduciary duty to pursue the opportunity on plaintiff's behalf by wresting control of the subsidiary from plaintiff. This usurpation was accomplished through systematic abuse of the power of attorney that plaintiff gave appellant to act on the subsidiary's behalf, including the surreptitious creation of bogus corporate resolutions, minutes, amendments to bylaws and stock transfers. The record does not support appellant's claim that he took over the opportunity only after plaintiff stopped pursuing it. Indeed, at no point in his negotiations with the sellers of the opportunity did appellant ever hold himself out as acting other than on plaintiff's behalf, and there is no documentary evidence to support his claim that he contributed his personal funds to the opportunity. As the trial court found, appellant used plaintiff's name to avail himself of the opportunity while divesting plaintiff of its interest therein. Ownership of defendant corporation was properly restored to plaintiff (*see Moglia v Moglia*, 144 AD2d 347), and appellant's counterclaims were properly dismissed (*see Maritime Fish Prods. v World-Wide Fish Prods.*, 100 AD2d

81, 88, *appeal dismissed* 63 NY2d 675). We have considered and rejected appellant's other arguments. Concur—Andrias, J.P., Ellerin, Rubin, Friedman and Gonzalez, JJ.