■ In the Matter of the Estate of JOSEPH H. NAUMOFF, Deceased. NANCY GORGOS, Respondent; MICHAEL NAUMOFF et al., Appellants. [754 NYS2d 70] —Mercure, J.P. Appeal from an order of the Surrogate's Court of Schenectady County (Kramer, S.), entered January 24, 2001, which, inter alia, judicially settled the account of petitioner as executor of decedent's estate.

Petitioner and respondents are siblings; the three of them are the only children of decedent, who died on January 14, 1998. It is undisputed that petitioner, her husband, and their two children lived with decedent at his residence in the Town of Niskayuna, Schenectady County, from February 1979 to the time of his death, that decedent appointed petitioner as his attorney-in-fact by power of attorney executed December 20, 1994, and that on April 1, 1996, decedent deeded his residence

to petitioner and her husband, reserving unto himself "the right to use and occupy [the property] for the rest of his natural life." Decedent left a will, which was admitted to probate, wherein he appointed petitioner executor of his estate, devised his residence to petitioner, made $25,000 bequests to respondents and distributed the residuary estate in equal shares to petitioner and respondents. According to petitioner's amended accounting, however, the estate assets available for distribution totaled only $19,160.78, making it impossible to satisfy even the $25,000 bequests to respondents.

Respondents filed objections to petitioner's accounting alleging, as here relevant, that between December 20, 1994 and January 14, 1998, petitioner made unauthorized transfers of decedent's property pursuant to her power of attorney. At a trial conducted on the objections, the evidence established that petitioner utilized her power of attorney to distribute in excess of $58,000 of decedent's funds to or for the direct benefit of petitioner, her husband or their children. Nevertheless, concluding that those distributions tended to "balance" earlier gifts that decedent had made to respondents and served to compensate petitioner for care that she provided to decedent, Surrogate's Court determined that petitioner overcame any presumption of self-dealing and therefore ordered that petitioner not be surcharged for her activities as attorney-in-fact. Surrogate's Court also awarded petitioner counsel fees of $7,000, to be paid by respondents. Respondents appeal.

In our view, there is considerable merit to the arguments advanced by respondents. It is well-settled law that: "The relationship of an attorney-in-fact to his [or her] principal is that of agent and principal and, thus, the attorney-in-fact must act in the utmost good faith and undivided loyalty toward the principal, and must act in accordance with the highest principles of morality, fidelity, loyalty and fair dealing. Consistent with this duty, an agent may not make a gift to himself [or herself] or a third party of the money or property which is the subject of the agency relationship. Such a gift carries with it a presumption of impropriety and self-dealing, a presumption which can be overcome only with the clearest showing of intent on the part of the principal to make the gift" (*Semmler v Naples*, 166 AD2d 751, 752, *appeal dismissed* 77 NY2d 936 [internal quotation marks and citations omitted]; *see Mantella v Mantella*, 268 AD2d 852, 852-853).

Except as hereinafter noted, no competent evidence was adduced at trial to support a theory that decedent specifically authorized petitioner's distribution of his funds to petitioner or

her family. In fact, implicitly recognizing the absence of evidence of decedent's intent, petitioner instead focused her arguments on the overall fairness of the distributions, taking into account substantial gifts that decedent had previously made to respondents and their families and the services and expenditures that petitioner had made on decedent's behalf. Thus, petitioner's trial memorandum framed the primary issue for Surrogate's Court's consideration as whether there was "an equitable distribution of [decedent's] estate (both during the decedent's life and after his death) [among decedent's] three children and their families." Of course, evidence that petitioner *deserved* the money falls far short of establishing decedent's intention that she have it or that he authorized the distributions to her.

Nor may the distributions be justified as reimbursement for expenses advanced by petitioner or as compensation for services performed. Where parties are related, "it is presumed that the services were rendered in consideration of love and affection, without expectation of payment" (*Matter of Wilson*, 178 AD2d 996, 997; *see Mantella v Mantella, supra* at 853). Petitioner offered absolutely no evidence of decedent's intention to compensate her for her efforts. It was similarly petitioner's burden to establish the propriety of all sums purportedly paid to reimburse her for moneys she advanced on decedent's behalf (*see Matter of Shulsky*, 34 AD2d 545, 547, *appeal dismissed* 27 NY2d 743). Given petitioner's failure to produce any accurate records and accounts, the reimbursement claim must fail as well (*see id.*).

We conclude that petitioner should be surcharged for the expenditures made in the following checks drawn on decedent's checking account by petitioner in her capacity as attorney-in-fact: (1) 45 checks totaling $36,579.40[1] made payable to petitioner, ostensibly to reimburse her for expenses incurred; (2) three checks totaling $3,541[2] expended for household furnishings purchased or real estate improvements made after the April 1, 1996 transfer of title to the residence to petitioner and her husband; and (3) check No. 1155 in the amount of $1,518.75 payable to "Purchase College," constituting a tuition payment on behalf of one of petitioner's children. In addition,

---

**1.** The checks falling in this category are those numbered 1153, 1168, 1190, 1194, 1221, 1225, 1236, 1245, 1266, 1272, 1276, 1289, 1294, 1301, 1307, 1313, 1325, 1331, 1342, 1352, 1359, 1364, 1370, 1374, 1380, 1386, 1389, 1399, 1407, 1419, 1432, 1435, 1450, 1458, 1472, 1485, 1494, 1499, 1512, 1514, 1525, 1543, 1547, 1550 and 1563.

**2.** The checks falling in this category are those numbered 1321, 1329 and 1361.

petitioner should be surcharged for her disposition of the proceeds of decedent's certificate of deposit with Trustco Bank in the amount of $16,395.83.

We are unpersuaded by respondents' contention that petitioner should be surcharged for 20 checks totaling $2,950[3] constituting gifts to petitioner or her immediate family. Although gifts made by an agent to herself or others carry a presumption of impropriety and self-dealing, this presumption can be overcome with a clear showing of the principal's intent (*see Semmler v Naples*, 166 AD2d 751, 752, *supra*). Here, the timing and amounts of the checks at issue establish that they were given on decedent's behalf to memorialize birthdays, anniversaries and Christmas and were made to petitioner and respondents and their respective families alike and in equal amounts. We find these facts sufficient to affirmatively establish that the gifts were authorized by decedent (*see generally In re Cunningham's Will*, 61 NYS2d 648, 656). Nor are we convinced that petitioner should be surcharged for payments to Mary Clark and Rotterdam Home Health Care for home health care provided to decedent, for checks written by decedent himself, for checks written for household repairs, insurance premiums and real estate taxes performed or incurred before or after the transfer of title of the residence to petitioner and her husband, or for household improvements performed prior to the transfer of title to petitioner and her husband.

Finally, based on our conclusion that there was substantial merit to the objections filed by respondents, the $7,000 award of counsel fees must be set aside. The parties' remaining contentions have been considered and found to be unavailing.

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law and the facts, with costs to respondents, by reversing so much thereof as determined that petitioner did not breach her fiduciary duties under a power of attorney granted to her by decedent and did not engage in any self-dealing, imposed no surcharge for petitioner's activities as attorney-in-fact and awarded petitioner counsel fees in the amount $7,000; it is determined that petitioner breached her fiduciary duties under a power of attorney granted to her by decedent and engaged in self-dealing, petitioner is surcharged in the amount of $58,034.98, which she is directed to pay to the estate, and matter remitted to the Surrogate's Court of Schenectady County for further proceed-

---

**3.** The checks falling in this category are those numbered 1157, 1207, 1229, 1230, 1280, 1281, 1284, 1296, 1308, 1344, 1358, 1375, 1438, 1440, 1460, 1508, 1551, 1557, 1558 and 1559.

ings not inconsistent with this Court's decision; and, as so modified, affirmed.

