■ IBE Trade Corp., Respondent, v Iouri P. Litvinenko et al., Appellants. [790 NYS2d 449]—

Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered on or about May 23, 2003, in favor of plaintiff and against defendant Litvinenko in the sum of $11,379,390, unanimously reversed, on the law and the facts, without costs, the judgment vacated and the matter remanded for further proceedings in accordance with the decision herein.

This action seeking equitable relief and monetary damages for breach of fiduciary duty was tried before the late Justice Elliott Wilk, who, in a decision dated May 9, 2001, granted plaintiff's claim for equitable relief, directed defendants to, inter alia, surrender all stock certificates of IBE Trans of NY, Inc. and Chimco, a company which operated a nitrogen-based fertilizer plant in Bulgaria, and directed settlement of an order and judgment reserving plaintiff's claim for monetary damages "which will be reviewed at a future conference." An order and judgment (one paper) was settled and, as a result of Justice Wilk's death, was signed by Justice Lobis and entered on June 25, 2001. That order and judgment, which ordered that "the Court reserves decision on plaintiff's claim for damages, which will be reviewed at a future conference before the Court," was unanimously affirmed by this Court (298 AD2d 285 [2002]). In the meantime, defendant Iouri P. Litvinenko was held in civil contempt, incarcerated and ultimately fined $116,000 for his failure to comply with the aforesaid order and judgment. Mr. Litvinenko's subsequent petition for a writ of habeas corpus was denied and the proceeding dismissed (*People ex rel. Kuby [Litvinenko] v Warden*, 305 AD2d 339 [2003]). Thereafter, by notice of motion dated April 29, 2003, plaintiff moved for entry of judgment in its favor and against Mr. Litvinenko in the sum of $11,379,390, which resulted in the court's signing and entry of the judgment appealed from.

While this case was tried by Justice Wilk without a jury and this Court may, in an appropriate case, render any judgment it finds warranted by the facts (*see Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]; *Famous Sea Food House, Inc. v Skouras,* 272 App Div 258, 261 [1947]), in the absence of any decision by the trial court setting forth its rationale for entering judgment for damages, an issue specifically reserved for decision by Justice Wilk after review at a future conference, we remand the matter to enable the successor trial court, after affording the parties an opportunity to be heard on the issue, to make findings of fact essential to support its determination of the issue of damages solely on the evidence presented at trial and to render an appropriate decision and judgment as may be warranted by those facts (*see* CPLR 4213 [a], [b]). Concur—Andrias, J.P., Ellerin, Nardelli, Gonzalez and Catterson, JJ.