■ IBE TRADE CORP., Respondent, v IOURI P. LITVINENKO, Also Known as IOURII P. LITVINENKO, et al., Appellants. [835 NYS2d 557]—

Judgment, Supreme Court, New York County (Leland De-Grasse, J.), entered March 22, 2006, awarding plaintiff the sum of $11,379,390, and bringing up for review an underlying order, same court and Justice, entered February 27, 2006, unanimously affirmed, with costs. Appeal from the February 27, 2006 order unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

We previously affirmed the finding, following a nonjury trial of the matter, that defendant Litvinenko breached his fiduciary duty to plaintiff, and implicitly affirmed the trial court's conclusion that defendant had converted $2.5 million of plaintiff's funds (see 298 AD2d 285 [2002]). However, we vacated the subsequently entered judgment in plaintiff's favor in the amount of $11,379,390, and remanded the matter for findings of fact in support of the damages award (16 AD3d 132, 133 [2005]). Those findings have now been made, and are challenged by defendant as based upon incompetent proof. However, defendant's argument that certain evidence should not have been received is unpreserved for review (see Shinn v Catanzaro, 1 AD3d 195, 198 [2003]; and see Aguilar v N.Y.C. Water Works, 298 AD2d 245, 246 [2002]).

The evidence, fairly considered, supported the disposition reached (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]; New Falls Corp. v Simmons, 35 AD3d 327, 328 [2006]). Plaintiff provided substantial evidence of the damages it sustained as a result of defendant's breach of fiduciary duty, conversion and other wrongdoing, which damages included lost profits in the sum of $8,879,390 and misappropriated funds in the amount of $2.5 million.

We have considered defendant's other arguments and find them unavailing. Concur—Tom, J.P., Friedman, Sullivan, Buckley and Kavanagh, JJ.