■ In the Matter of the Estate of MARTHA I. CURTIS, Deceased. PATRICIA ERICKSON, Appellant; GAIL AKINS, as Coexecutor of the Estate of MARTHA CURTIS, Deceased, Respondent. [923 NYS2d 734]—

Mercure, J.P. Appeals (1) from an order of the Surrogate's Court of Rensselaer County (Hummel, S.), entered February 25, 2010, which, among other things, partially granted petitioner's application, in a proceeding pursuant to SCPA 2105, to, among other things, compel delivery of certain property or the proceeds thereof, and (2) from a decree of said court, entered March 22, 2010, which, among other things, judicially settled the final accounting of decedent's estate.

The parties are decedent's daughters and coexecutors of her estate. In 2002, after a series of strokes left decedent physically debilitated, she moved in with respondent and respondent's husband, Raymond Akins, and they cared for her until her death in 2004. During that period, respondent also acted as decedent's attorney-in-fact pursuant to a power of attorney executed by decedent.

Decedent died testate,* and letters testamentary were issued to the parties. Petitioner commenced this proceeding seeking both to compel respondent to deliver the proceeds of certain of decedent's assets and an accounting. After respondent submitted an accounting in her capacities as attorney-in-fact and coexecutor, petitioner filed objections. At the ensuing bench trial, petitioner pursued objections only to the accounting submitted by respondent in her capacity as attorney-in-fact, alleging, among other things, self-dealing and violations of fiduciary obligations. Surrogate's Court ultimately determined that respondent's actions were taken with the express consent of decedent, whom the court found to have been competent to make such decisions. The court modified the accounting by directing respondent to reimburse the estate the stipulated sum of $1,268.73, and otherwise approved the accounting. The court thereafter entered a decree judicially settling the final account.

---

* The terms of decedent's will distributed her estate among the parties and the two surviving children of decedent's predeceased daughter.

On this appeal from the order and the decree, petitioner generally takes issue with Surrogate's Court's conclusions that decedent's mental capacity was not diminished, and that decedent directed and actively participated in the management of her assets. Specifically, petitioner claims that respondent failed to prove that decedent agreed to pay Akins for services performed in connection with the sale of certain real property, or to pay respondent and Akins $2,500 per month for home care. Where parties to an alleged agreement are related, a presumption arises "that the services were rendered in consideration of love and affection, without expectation of payment, only to be rebutted by clear and convincing evidence that there was an agreement—whether express, implied in fact, or implied in law" (*Matter of Barr*, 252 AD2d 875, 877 [1998] [internal quotation marks and citations omitted]; *see generally Matter of Naumoff*, 301 AD2d 802, 804-805 [2003], *lv dismissed* 100 NY2d 534 [2003]). Here, the court credited Akins' testimony that decedent expressly agreed to pay for his services in connection with preparing her real property for sale, and credited the testimony of both respondent and Akins that decedent expressly agreed to pay $2,500 per month for home care.

Notably, while this Court has "broad authority in a nonjury trial to independently weigh the evidence and render a determination warranted by the record" (*Matter of Giles*, 74 AD3d 1499, 1503 [2010]), we will defer to the trial court's assessment of credibility issues "given [its] ability to observe the witnesses' demeanor during testimony" (*id.* at 1504; *see Matter of Breistol*, 64 AD3d 1122, 1122-1123 [2009]). According such deference here, and noting that petitioner put forth no evidence that would tend to contradict the testimony at issue, we find that respondent rebutted the presumption by clear and convincing evidence.

Petitioner further contends that the transfer of an investment account to respondent and respondent's inclusion as a mortgagee upon the sale of decedent's mobile home did not constitute valid gifts by decedent. " '[A]bsent a specific provision in the power of attorney document authorizing gifts, an attorney-in-fact, in exercising his or her fiduciary responsibilities to the principal, may not make a gift to himself [or herself] or a third party of the money or property which is the subject of the agency relationship' " (*Matter of Masterson*, 46 AD3d 1091, 1092 [2007], quoting *Marszal v Anderson*, 9 AD3d 711, 712-713 [2004]; *see Matter of Naumoff*, 301 AD2d at 803). " 'Such a gift carries with it a presumption of impropriety and self-dealing, a presumption which can be overcome only with the clearest

showing of intent on the part of the principal to make the gift' " (*Matter of Masterson*, 46 AD3d at 1092, quoting *Semmler v Naples*, 166 AD2d 751, 752 [1990], *appeal dismissed* 77 NY2d 936 [1991]; *see Matter of Naumoff*, 301 AD2d at 803, 805). Here, as Surrogate's Court noted, the power of attorney specifically authorized respondent to make gifts to decedent's children, which would include respondent. Furthermore, the court credited respondent's testimony that the investment account was transferred in decedent's presence, and that decedent was also present at the closing when her mobile home was sold and respondent was named as a comortgagee. Under these circumstances, we agree with Surrogate's Court that respondent established that the challenged actions were taken with decedent's knowledge and at her direction.

Petitioner's remaining contentions are either unpreserved or, upon consideration, have been found to be without merit.

Rose, McCarthy and Egan Jr., JJ., concur. Ordered that the order and decree are affirmed, with costs.