# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**623**

**CA 14-01997**

PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

KEITH A. BORDERS, PLAINTIFF-RESPONDENT,

V                                                   MEMORANDUM AND ORDER

BRIAN T. BORDERS, ELAINE MARIE PROSSER AND
JEFFREY BORDERS, DEFENDANTS-APPELLANTS.

---

DANIEL P. TIEDE, BUFFALO, FOR DEFENDANTS-APPELLANTS.

COLE, SORRENTINO, HURLEY, HEWNER & GAMBINO, P.C., BUFFALO (MICHAEL F. BARRETT OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered January 14, 2014. The judgment settled title to certain property.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action pursuant to RPAPL article 15, seeking a determination of competing claims with respect to a parcel of real property. The parties herein are siblings, and this litigation arises from the transfer of a parcel of real property formerly owned by their parents. After their mother died, their father executed a power of attorney in favor of defendants Brian T. Borders and Elaine Marie Prosser (Brian and Elaine), granting them power to dispose of his property. Defendants contended that several judgments had been lodged against plaintiff, who was living with their father, and that plaintiff was preventing the remaining siblings from having any contact with their father. Purportedly in order to keep plaintiff from obtaining title to the parcel and thereafter using the parcel to satisfy the claims of his creditors, Brian and Elaine used their power of attorney to transfer the parcel to defendants without consideration, reserving a life estate therein to their father, by deed recorded on November 20, 2008. Their father, however, transferred the parcel to plaintiff, reserving a life estate therein to himself, by executing a separate deed that was recorded on November 26, 2008. Plaintiff commenced this action seeking a determination that the deed recorded on November 26, 2008 vested him with title to the parcel and that the deed recorded on November 20, 2008 is null and void. Defendants answered that they were entitled to judgment dismissing the complaint, and the parties moved and cross-moved for summary judgment. Defendants appeal from a judgment that, inter alia, adjudged the deed transferring title to plaintiff to be valid and the

deed transferring title to them to be null and void.

Contrary to defendants' contention, the court properly concluded that the deed transferring title to them is null and void.  It is well settled that "[a] power of attorney . . . is clearly given with the intent that the attorney-in-fact will utilize that power for the benefit of the principal" (*Mantella v Mantella*, 268 AD2d 852, 852 [internal quotation marks omitted]).  "The relationship of an attorney-in-fact to his principal is that of agent and principal . . . and, thus, the attorney-in-fact 'must act in the utmost good faith and undivided loyalty toward the principal, and must act in accordance with the highest principles of morality, fidelity, loyalty and fair dealing' . . . Consistent with this duty, an agent may not make a gift to himself or a third party of the money or property which is the subject of the agency relationship" (*Semmler v Naples*, 166 AD2d 751, 752, *appeal dismissed* 77 NY2d 936; *see Matter of Ferrara*, 7 NY3d 244, 254).  "In the event such a gift is made, there is created a presumption of impropriety [that can] be rebutted [only] with a clear showing that the principal intended to make the gift" (*Mantella*, 268 AD2d at 852-853), or that the gift was in the principal's best interest (*see Ferrara*, 7 NY3d at 254).

Here, the parties' father transferred title of the parcel to plaintiff while reserving a life estate to himself, thus demonstrating that he did not wish to give the remaining interest in the parcel to defendants.  Furthermore, the evidence submitted by defendants in support of the deed transferring title to them, including the fact that there was no consideration given for the transfer, indicates that the intent of Brian and Elaine in executing the deed was not to protect their father but, rather, to protect defendants' future inheritance from their brother and his creditors.  Consequently, defendants failed to make the required showing under the holding of *Mantella* (*see* 268 AD2d at 852-853), and the court properly determined that the deed transferring title to them is null and void (*see Moglia v Moglia*, 144 AD2d 347, 348).

Entered:  May 8, 2015                          Frances E. Cafarell
                                               Clerk of the Court