■ PHILIP SCOTTI, as Executor of ANN BARRETT, Deceased, Appellant, v RICK BARRETT et al., Respondents. [53 NYS3d 109]—

In an action, inter alia, to recover property on behalf of the decedent's estate, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered July 10, 2015, which denied his motion for summary judgment on the complaint insofar as asserted against the defendant Rick Barrett.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover damages for conversion in the sum of $69,500, and substituting therefor a provision granting that branch of the motion; (2) by deleting the provision thereof denying that branch of the motion which was for summary judgment on the cause of action for repayment of a $50,000 loan, and substituting therefor a provision granting that branch of the motion; and (3) by deleting the provision thereof denying that branch of the motion which was for summary judgment on the cause

of action seeking the return of seven items of jewelry to the estate, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff's decedent died in a hospice on July 14, 2013, at the age of 80. She was survived by two children, the plaintiff and the defendant Rick Barrett (hereinafter the defendant). The decedent's will appointed the plaintiff as the sole executor of her estate, and provided that the plaintiff and the defendant would equally share her residual estate. In April 2014, the plaintiff, in his capacity as executor of the decedent's estate, commenced this action alleging that, in the three weeks preceding the decedent's death, the defendant abused a power of attorney that he held for the decedent by transferring $301,277.16 of the decedent's money into an annuity account of which he was the sole beneficiary, and making $69,500 in direct gifts to himself and family members. The plaintiff also alleged that the defendant failed to repay a $50,000 loan that he had received from the decedent in 2010, and that he was in possession of jewelry belonging to the estate. Following discovery, the plaintiff moved for summary judgment on these claims against the defendant. The Supreme Court denied the motion.

The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover damages for conversion in the sum of $301,277.16. The plaintiff's submissions in support of the motion failed to eliminate all material issues of fact as to whether the account transfers by the defendant in that amount were effected without the decedent's knowledge and were not for her benefit (*see Matter of Ferrara*, 7 NY3d 244, 254 [2006]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Matter of Roth*, 283 AD2d 504 [2001]).

However, the Supreme Court erred in denying that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover damages for conversion in the sum of $69,500. "[A]bsent a specific provision in the power of attorney document authorizing gifts, an attorney-in-fact, in exercising his or her fiduciary responsibilities to the principal, may not make a gift to himself [or herself] or a third party of the money or property which is the subject of the agency relationship" (*Matter of Curtis*, 83 AD3d 1182, 1183 [2011] [internal quotation marks omitted]; *see Matter of Culbreth*, 48 AD3d 564 [2008]). Here, the plaintiff submitted evidence that the power of attorney did not grant the defendant gift-making authority, and that the defendant used the power of attorney to make

gifts to himself and his family members in the three weeks preceding the decedent's death in amounts totaling $69,500. In opposition, the defendant conceded that the gifts violated the power of attorney and should be returned to the estate. Accordingly, the Supreme Court should have granted this branch of the plaintiff's motion (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

The Supreme Court also erred in denying that branch of the plaintiff's motion which was for summary judgment on the cause of action seeking repayment of a $50,000 loan. In support of his motion, the plaintiff submitted evidence that the decedent made a loan to the defendant in February 2010 for $50,000, which he did not repay. Contrary to the determination of the court, the defendant's testimony at his deposition that the decedent told him in 2012 that the loan was "a gift," without more, does not raise a material issue fact sufficient to defeat the plaintiff's entitlement to judgment. "It has long been the rule in this State that a debt owing from one party to another will not, by a mere oral declaration subsequently made, be transformed from a debt to a gift" (*Matter of Carr*, 99 AD2d 390, 393 [1984]). To make a valid gift, " 'the donor must intend to make an irrevocable present transfer of ownership, there must be delivery of the gift, either by physical delivery of the subject of the gift or a constructive or symbolic delivery, and there must be acceptance by the donee' " (*Shybunko v Geodesic Homes, Inc.*, 65 AD3d 581, 583-584 [2009], quoting *Matter of Partos*, 203 AD2d 578, 578 [1994]; *see Matter of Szabo*, 10 NY2d 94, 98 [1961]; *Matter of Fenlon*, 95 AD3d 1406 [2012]; *Burnside v Foglia*, 208 AD2d 1085 [1994]; *Matter of Platner*, 138 AD2d 490, 491 [1988]). "[I]n the case of an oral gift, the fact of delivery serves to assist, in an evidentiary manner, to confirm the intent of the donor, and to prevent the assertion of fraudulent claims" (*Gruen v Gruen*, 104 AD2d 171, 174 [1984], *affd* 68 NY2d 48 [1986]). Thus, while the defendant's allegation provides evidence of the decedent's intent to make a gift of the loan amount, it provides no evidence that the gift was delivered and, consequently, that the gift took effect (*see Burnside v Foglia*, 208 AD2d at 1086; *see also Shybunko v Geodesic Homes, Inc.*, 65 AD3d at 583-584; *Gruen v Gruen*, 104 AD2d at 174; *Matter of Gregg*, 11 Misc 153 [Sur Ct, Madison County 1895]). The defendant's submissions in opposition were similarly insufficient to raise an issue of fact. Accordingly, the court should have granted that branch of the motion (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

The Supreme Court also erred in denying that branch of the

plaintiff's motion which was for summary judgment on the cause of action seeking the return to the estate of seven items of jewelry which the defendant admitted to removing from the decedent's home following her death. Although the decedent's will arguably made a specific bequest of the jewelry to the defendant's infant daughter, the jewelry nevertheless remains an asset of the estate until such time as it is distributed by the plaintiff, as executor, in accord with a final accounting (*see e.g.* EPTL 11-1.3, 12-1.2, 13-1.3; *Matter of Jewett*, 145 AD3d 1114, 1115-1116 [2016]; *Matter of Carbone*, 101 AD3d 866, 868 [2012]; *Gaentner v Benkovich*, 18 AD3d 424, 427 [2005]). The defendant has not alleged any ownership right in the jewelry beyond his daughter's interest as a legatee. Accordingly, the court should also have granted that branch of the motion (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

Lastly, to the extent that the Supreme Court rejected the plaintiff's affidavit submitted in support of his motion on the basis that it failed to comply with CPLR 2309 (c), this also was error (*see Midfirst Bank v Agho*, 121 AD3d 343, 350-351 [2014]). Rivera, J.P., Hall, Roman and Brathwaite Nelson, JJ., concur.