McGregor v McGregor (2021 NY Slip Op 08179)





McGregor v McGregor


2021 NY Slip Op 08179


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2017-03388
 (Index No. 6624/12)

[*1]Robert McGregor, appellant, 
v
Arnold McGregor, respondent.


Jaroslawicz & Jaros PLLC, New York, NY (David Tolchin and Michelle Holman of counsel), for appellant.
Sean H. Rooney, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to set aside a transfer of certain real property as a fraudulent conveyance, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Francois A. Rivera, J.), dated February 7, 2017. The judgment, insofar as appealed from, made after a nonjury trial, is in favor of the defendant and against the plaintiff dismissing, with prejudice, so much of the second cause of action as sought to set aside the transfer of the property as a fraudulent conveyance.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, so much of the second cause of action as sought to set aside the transfer of the subject real property as a fraudulent conveyance is reinstated, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment in accordance herewith.
The parties are brothers. They had a half brother, James McGregor (hereinafter the decedent). In April 2010, the decedent signed a power of attorney naming the defendant as his agent. In May 2010, the defendant transferred certain real property (hereinafter the subject property) from the decedent to himself. The decedent died intestate in August 2010. Thereafter, the plaintiff commenced this action alleging, among other things, that the defendant had improperly transferred the subject property to himself and seeking, inter alia, to set aside the transfer as a fraudulent conveyance. Following a nonjury trial, the Supreme Court determined, among other things, that the plaintiff had failed to establish that he was entitled to that relief and that, in any event, he lacked standing to bring this action specifically pursuant to General Obligations Law § 5-1510(3). The plaintiff appeals.
The Supreme Court erred in determining that the plaintiff lacked standing to bring this action pursuant to General Obligations Law § 5-1510(3) because that ground was never raised by the parties. The parties had no opportunity to address this issue, and this "'lack of notice and opportunity to be heard implicates the fundamental issue of fairness that is the cornerstone of due process'" (Frank M. Flower & Sons, Inc. v North Oyster Bay Baymen's Assn., Inc., 150 AD3d 965, 966, quoting Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54). The only issue raised regarding standing was that the plaintiff lacked standing based upon a lack of a blood relationship with the decedent. Upon the record before us, the defendant failed to meet his burden of proof on that affirmative defense (see Matter of Fossella v Dinkins, 66 NY2d 162).
Moreover, the Supreme Court erred in dismissing so much of the second cause of action as sought to set aside the transfer of the subject property as a fraudulent conveyance. "'[A]bsent a specific provision in the power of attorney document authorizing gifts, an attorney-in-fact, in exercising his or her fiduciary responsibilities to the principal, may not make a gift to himself [or herself] or a third party of the money or property which is the subject of the agency relationship'" (Scotti v Barrett, 149 AD3d 998, 999, quoting Matter of Curtis, 83 AD3d 1182, 1183; see General Obligations Law § 5-1514[4][b]). Here, the plaintiff submitted evidence that the power of attorney did not grant the defendant gift-making authority, and that the defendant improperly used the power of attorney to gift the subject property to himself.
Accordingly, we remit the matter to the Supreme Court, Kings County, for the entry of an amended judgment in favor of the plaintiff and against the defendant on so much of the second cause of action as sought to set aside the transfer of the subject property as a fraudulent conveyance.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court