Choudhari v Choudhari (2023 NY Slip Op 05245)

Choudhari v Choudhari

2023 NY Slip Op 05245

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JANICE A. TAYLOR, JJ.

2020-09042
2020-09708
 (Index No. 503545/17)

[*1]Mohammad Choudhari, respondent,
v
Mustafa Choudhari, appellant.

Lanin Law, P.C., New York, NY (Scott L. Lanin of counsel), for appellant.
Davis Ndanusa Ikhlas & Saleem, LLP, Brooklyn, NY (Mohammad A. Saleem of counsel), for respondent.

DECISION & ORDER
In a consolidated action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the defendant appeals from (1) an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated October 21, 2020, and (2) an order and interlocutory judgment (one paper) of the same court dated December 10, 2020. The order denied the defendant's motion for leave to amend his answer and granted the plaintiff's cross-motion for summary judgment on his causes of action to declare certain deeds null and void. The order and interlocutory judgment granted the plaintiff's cross-motion for summary judgment on his causes of action to declare certain deeds null and void, declared and adjudged the subject deeds null and void, and directed the County Clerk to remove them from its records.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying the defendant's motion for leave to amend his answer, and substituting therefor a provision granting the motion; as so modified, the order is affirmed, without costs or disbursements; and it is further,
ORDERED that the order and interlocutory judgment is affirmed, without costs or disbursements.
In October 2016, the defendant executed a deed (hereinafter the October 2016 deed) purporting to convey title to property located at 1474 Broadway in Brooklyn from the plaintiff, his brother, to the plaintiff and the defendant jointly. In February 2017, the plaintiff commenced an action, inter alia, pursuant to RPAPL article 15 against the defendant to quiet title to that property, alleging that the defendant forged the plaintiff's name on the October 2016 deed.
In March 2017, the defendant executed a second deed (hereinafter the March 2017 deed) purporting to convey title to property located at 1472 Broadway in Brooklyn from the plaintiff to the plaintiff and the defendant jointly. In June 2017, the plaintiff commenced a second action, inter alia, to quiet title to that second property, alleging that the March 2017 deed was also forged. The defendant asserted counterclaims, alleging, inter alia, in effect, that the properties were purchased as part of a joint venture agreement between the brothers. The actions were subsequently consolidated.
In June 2018, the defendant moved for leave to amend his answer to assert a [*2]counterclaim sounding in constructive trust based upon the alleged joint venture agreement. The plaintiff opposed the motion and cross-moved for summary judgment on his causes of action to declare the deeds null and void. In opposition to the plaintiff's cross-motion, the defendant asserted that he validly executed the deeds as attorney-in-fact for the plaintiff pursuant to a power of attorney granted to the defendant by the plaintiff in 2006. In an order dated October 21, 2020, the Supreme Court denied the defendant's motion for leave to amend his answer and granted the plaintiff's cross-motion for summary judgment, determining that the subject deeds are null and void. In an order and interlocutory judgment dated December 10, 2020, the court granted the plaintiff's cross-motion for summary judgment on his causes of action to declare certain deeds null and void, declared and adjudged the deeds null and void, and directed the County Clerk to remove them from its records. The defendant appeals.
Contrary to the plaintiff's contention, the record did not establish, as a matter of law, that the deeds were forgeries, given that the power of attorney granted to the defendant by the plaintiff authorized the defendant to execute real estate transactions on behalf of the plaintiff (see People v Ippolito, 20 NY3d 615, 624; People v Cunningham, 2 NY3d 593, 599; Ferrarella v Godt, 131 AD3d 563, 566; People v Cannarozzo, 62 AD2d 503, 504, affd 48 NY2d 687).
However, the Supreme Court properly concluded that the plaintiff was entitled to summary judgment declaring and adjudging the deeds null and void. "[A] power of attorney . . . is clearly given with the intent that the attorney-in-fact will utilize that power for the benefit of the principal" (Matter of Ferrara, 7 NY3d 244, 254 [internal quotation marks omitted]). "Because [t]he relationship of an attorney-in-fact to his principal is that of agent and principal . . ., the attorney-in-fact must act in the utmost good faith and undivided loyalty toward the principal, and must act in accordance with the highest principles of morality, fidelity, loyalty and fair dealing" (id. at 254 [internal quotation marks omitted]; see Semmler v Naples, 166 AD2d 751, 752).
"[A]bsent a specific provision in the power of attorney document authorizing gifts, an attorney-in-fact, in exercising his or her fiduciary responsibilities to the principal, may not make a gift to himself [or herself] or a third party of the money or property which is the subject of the agency relationship" (McGregor v McGregor, 191 AD3d 974, 976 [internal quotation marks omitted]; see General Obligations Law § 5-1505[2][a][2]; Scotti v Barrett, 149 AD3d 998, 999; Matter of Curtis, 83 AD3d 1182, 1183). "Such a gift carries with it a presumption of impropriety and self-dealing, a presumption which can be overcome only with the clearest showing of intent on the part of the principal to make the gift" (Goldberg v Meyers, 181 AD3d 653, 654 [internal quotation marks omitted]; see Borders v Borders, 128 AD3d 1542, 1543; Matter of Audrey Carlson Revocable Trust, 59 AD3d 538, 540; Mantella v Mantella, 268 AD2d 852, 853). Further, gifts of the principal's assets must be in the best interest of the principal (see Matter of Ferrara, 7 NY3d at 254; Matter of Audrey Carlson Revocable Trust, 59 AD3d at 540).
Here, the evidence in the record demonstrates, as a matter of law, that the defendant transferred a 50% interest in the properties to himself for nominal consideration, and that the power of attorney did not contain a provision authorizing him, as the attorney-in-fact, to make gifts of the principal's property to himself (see Goldberg v Meyers, 181 AD3d at 654). Accordingly, the transfers carried a presumption of impropriety and self dealing (see id.). Moreover, the evidence submitted by the defendant failed to rebut that presumption by raising a triable issue of fact as to whether the plaintiff intended the transfers to occur or whether the transfers were in the plaintiff's best interest (see Scotti v Barrett, 149 AD3d at 1000; Borders v Borders, 128 AD3d at 1543; Wilder v Tomaino, 52 AD3d 700). Accordingly, the Supreme Court properly declared the deeds null and void (see Borders v Borders, 128 AD3d at 1543; Matter of Culbreth, 48 AD3d 564; Matter of Agrest, 279 AD2d 471, 472; Moglia v Moglia, 144 AD2d 347, 348).
"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Wall St. Mtge. Bankers, Ltd. v Berquin, 213 AD3d 972, 975; see CPLR 3025[b]; Lucido v Mancuso, 49 AD3d 220, 222). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Toiny, LLC v Rahim, 214 AD3d 1023, 1024 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Spatafore, 183 AD3d 853, 853).
Here, the proposed counterclaim sounding in constructive trust was not palpably insufficient or patently devoid of merit (see Toiny, LLC v Rahim, 214 AD3d at 1024; First Natl. Bank of Long Is. v Four Keys Realty, LLC, 213 AD3d 639, 641; Mawere v Landau, 170 AD3d 826, 827). Moreover, "'[n]o evidentiary showing of merit is required under CPLR 3025(b)'" (First Natl. Bank of Long Is. v Four Keys Realty, LLC, 213 AD3d at 641, quoting Lucido v Mancuso, 49 AD3d at 229). Accordingly, the Supreme Court should have granted the defendant's motion for leave to amend his answer.
The parties' remaining contentions are without merit.
DILLON, J.P., IANNACCI, MILLER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court