Matter of Rosenthal (2025 NY Slip Op 03071)

Matter of Rosenthal

2025 NY Slip Op 03071

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2023-03620

[*1]In the Matter of Elizabeth Rosenthal, deceased. Erika Rosenthal, petitioner; Rolf and Elizabeth Rosenthal Family Foundation, appellant; Ultimate Charitable Beneficiaries, respondent. (File No. 389705/16)

Farrell Fritz, P.C., Uniondale, NY (Brian P. Corrigan and Jaclene D'Agostino of counsel), for appellant.
Rivkin Radler LLP, Uniondale, NY (Jennifer F. Hillman of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Anthony R. Raduazo of counsel), for respondent (no brief filed).

DECISION & ORDER
In a probate proceeding in which Erika Rosenthal, as executor of the estate of Elizabeth Rosenthal, petitioned pursuant to SCPA 2103, inter alia, to determine the validity under New York law of a transfer of certain funds prior to the death of Elizabeth Rosenthal from the investment account of Elizabeth Rosenthal to Rolf and Elizabeth Rosenthal Family Foundation, Rolf and Elizabeth Rosenthal Family Foundation appeals from an order of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated January 10, 2023. The order denied the motion of Rolf and Elizabeth Rosenthal Family Foundation for summary judgment declaring that the transfer of certain funds prior to the death of Elizabeth Rosenthal from the investment account of Elizabeth Rosenthal to Rolf and Elizabeth Rosenthal Family Foundation was valid under New York law, without prejudice to renewal upon service of the motion upon the Internal Revenue Service.
ORDERED that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the motion of Rolf and Elizabeth Rosenthal Family Foundation for summary judgment declaring that the transfer of certain funds prior to the death of Elizabeth Rosenthal from the investment account of Elizabeth Rosenthal to Rolf and Elizabeth Rosenthal Family Foundation was valid under New York law is granted.
In September 2008, Elizabeth Rosenthal (hereinafter the decedent) executed a durable power of attorney, naming the petitioner, the decedent's daughter, Erika Rosenthal, as the decedent's attorney-in-fact. The day before the decedent's death, the petitioner, as attorney-in-fact, made a transfer of certain funds from the decedent's investment account to Rolf and Elizabeth Rosenthal Family Foundation (hereinafter the Foundation). Thereafter, the Internal Revenue Service (hereinafter the IRS) conducted an audit on the estate's tax return, determined that the transfer was not authorized pursuant to the power of attorney and that the transfer was not in the best interest of the decedent, and included the amount transferred in the decedent's gross estate for federal estate tax purposes.
Subsequently, the petitioner filed a petition pursuant to SCPA 2103, inter alia, to determine the validity under New York law of the transfer from the decedent's investment account to the Foundation. The Foundation and the Attorney General of the State of New York, representing the charitable beneficiaries (hereinafter the Attorney General), interposed answers, in which they asserted that the transfer was valid under New York law. The Foundation moved for summary judgment declaring that the transfer was valid under New York law. The Attorney General filed an attorney affirmation in support of the Foundation's motion. The petitioner filed an attorney affirmation averring that the petitioner did not oppose the Foundation's motion. In an order dated January 10, 2023, the Surrogate's Court denied the Foundation's motion without prejudice to renewal "upon service of the motion on the IRS." The Foundation appeals.
"[A] power of attorney . . . is clearly given with the intent that the attorney-in-fact will utilize that power for the benefit of the principal" (Matter of Ferrara, 7 NY3d 244, 254 [internal quotation marks omitted]; see Choudhari v Choudhari, 220 AD3d 835, 837). Generally, "[a]bsent a specific provision in the power of attorney document authorizing gifts, an attorney-in-fact, in exercising his or her fiduciary responsibilities to the principal, may not make a gift to himself [or herself] or a third party of the money or property which is the subject of the agency relationship" (McGregor v McGregor, 191 AD3d 974, 976 [internal quotation marks omitted]; see General Obligations Law § 5-1505[2][a][2]; Choudhari v Choudhari, 220 AD3d at 837; Scotti v Barrett, 149 AD3d 998, 999). "'Such a gift carries with it a presumption of impropriety and self-dealing, a presumption which can be overcome only with the clearest showing of intent on the part of the principal to make the gift'" (Choudhari v Choudhari, 220 AD3d at 837, quoting Goldberg v Meyers, 181 AD3d 653, 654; see Matter of Audrey Carlson Revocable Trust, 59 AD3d 538, 540). Thus, even where the gifting provision of the power of attorney does not explicitly grant the power to make a specific transfer, evidence of the principal's donative intent may be used to demonstrate that the transfer was authorized by the principal (see Matter of Maikowski, 24 AD3d 258, 260-261; Matter of Naumoff, 301 AD2d 802, 805; cf. Goldberg v Meyers, 181 AD3d at 654-655; Scotti v Barrett, 149 AD3d at 999; Matter of Curtis, 83 AD3d 1182, 1184). Gifts of the decedent's assets must be in the best interest of the decedent (see Matter of Ferrara, 7 NY3d at 254; Matter of Audrey Carlson Revocable Trust, 59 AD3d at 540).
Here, although it is not clear that the transfer to the Foundation was explicitly authorized under the gifting provision of the power of attorney, the uncontroverted evidence in the record demonstrates that the petitioner transferred the sum of $2,360,406 to the Foundation, that the decedent intended for this transfer to be made, and that the transfer was in the decedent's best interest (see Matter of Ferrara, 7 NY3d at 254; Matter of Audrey Carlson Revocable Trust, 59 AD3d at 540; Matter of Maikowski, 24 AD3d at 260-261; Matter of Naumoff, 301 AD2d at 805).
Furthermore, the IRS is not bound by the determination regarding the property interest at issue here (see Commissioner of Internal Revenue v Estate of Bosch, 387 US 456, 457). Accordingly, the IRS is not a necessary party to this proceeding, and under the circumstances of this case, the Surrogate's Court's determination denying the Foundation's motion without prejudice to renewal upon service of the motion upon the IRS was an improvident exercise of discretion.
LASALLE, P.J., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court