■ In the Matter of the Estate of JENNIE SANTALUCIA, Also Known as JENNIE D'AGOSTINO, Also Known as JENNIE FORMOSA, Deceased. FRANCES SCARANO et al., Appellants; VINCENT SANTALUCIA, as Administrator of the Estate of JENNIE SANTALUCIA, Deceased, Respondent.— Appeal from so much of a decree of the Surrogate's Court, Queens County, as adjudges that appellants took and retained from the intestate the proceeds of two savings bank accounts and as directs appellants to pay over such proceeds to respondent. Decree insofar as appealed from reversed, and a new hearing granted, with costs to appellants to abide the event, payable out of the estate. No answer to the petition was interposed by appellants. Under these circumstances, the burden is on respondent to show that he, in his representative capacity, has title and the right to the immediate possession of the property involved. (*Matter of Beyer,* 3 Misc 2d 819 and cases therein cited.) The evidence shows that on February 29, 1956 (30 days before the intestate died) $5,236.15 was withdrawn from an account in the intestate's name, on a withdrawal slip signed by the intestate. The withdrawal consisted of $236.15 in cash and $5,000 in the form of a check payable to the order of the intestate, which she indorsed. Appellant Formosa, intestate's son, received the entire proceeds. The burden was on respondent to show that the intestate retained title to these proceeds and to rebut the presumption of delivery of the check with intent to transfer title. (Negotiable Instruments Law, § 35; see *Matter of Jennings,* 286 App. Div. 256, affd. 1 N Y 2d 762.) The proof adduced by respondent was insufficient to show that appellant Formosa received the proceeds "without right or authority". The evidence further shows that on March 9, 1956 a joint account was opened in the names of the intestate and the appellant Scarano, her daughter, and that the money was withdrawn on March 27, 1956, three days before the intestate died, on a withdrawal slip signed by the intestate. The burden of proof was on respondent to show that the intestate did not knowingly or consciously create the joint account (*Matter of Yauch,* 270 App. Div. 348, affd. 296 N. Y. 585; *Marrow* v. *Moskowitz,* 255 N. Y. 219) or that there was fraud, undue influence, or incompetency on the part of the intestate. In the absence of such proof, the signature of the intestate on the signature card is sufficient evidence to show her intention to make a gift of the proceeds to the survivor. (*Matter of Creekmore,* 1 N Y 2d 284; *Marrow* v. *Moskowitz, supra.*) Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

■ MICHAEL MILLER, Appellant, v. MIMI WEINSTOCK, Respondent.— In an action to recover damages for slander, the appeal is from an order granting a motion to dismiss the complaint for patent insufficiency (Rules Civ. Prac., rule 106, subd. 4), with leave to replead. Order affirmed, without costs. Absent allegations of special damage, the complaint is defective (*Gurtler* v. *Union Parts Mfg. Co.,* 1 N Y 2d 5). Nolan, P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ KNEELAND S. MOORE et al., Respondents, v. ANGELO VERDI et al., Appellants.— Appeal from a judgment entered on a decision of the court enjoining appellants from trespassing on respondents' real property. Judgment unanimously affirmed, with costs. No opinion. Present — Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ.