## In the Matter of the Estate of FRANK A. HUMPHREYS, Deceased.

Surrogate's Court, Nassau County, July 18, 1962.

*Durkes Clark* for petitioner. *Bracken & Sutter* for respondents.

JOHN D. BENNETT, S. The executor seeks to discover three items of personal property: a diamond ring, a television set, and the proceeds of a social security check. The respondents moved to dismiss the petition at the end of the petitioner's case. The court reserved decision on the motion.

The respondent, Martha MacLeod, on her examination in the inquisitorial stage of this discovery proceeding, portions of which have been read into evidence on the trial, testified that the decedent " gave (the diamond ring) to me ". Her answer, however, alleges that the ring was given to her only for the purpose of transmitting it to her daughter to whom the gift was actually made. As the trial record now stands, the only evidence introduced is that the ring was " given " by the decedent to the respondent Martha MacLeod. Such evidence is sufficient to establish a prima facie case by the petitioner in this discovery proceeding and it is now the respondent's burden to establish a gift to her or any other defense which she may have.

The fact that the petitioner may have an individual part interest in the diamond ring does not prevent him, as the representative of the estate, from reducing the estate's interest to his

possession. Accordingly, the motion to dismiss the proceeding at the end of the petitioner's case as to the diamond ring is denied.

From that portion of the examination of the respondent Peter MacLeod introduced into evidence, it appears that the decedent owned a television set which was destroyed by fire; that Peter MacLeod thereafter received $75 from an insurance company on the loss of the set, which amount, with the permission of the decedent, was applied to a new television set. The invoice of sale, exhibit 2, for the new television set contains the name and address of the decedent filled in at the top. On the evidence so far adduced, the court cannot unequivocally say that the decedent has no interest in the new television set. In general, discovery proceedings should not be dismissed without adequate opportunity for the full development of the facts (*Matter of Mendelson,* 15 Misc 2d 837). Accordingly, the motion to dismiss with regard to the television set is similarly denied.

The last item sought to be discovered is the Treasury Department check in the amount of $63, or the proceeds thereof. The respondent, Peter MacLeod, in his inquisitorial examination, a portion of which was read into evidence, testified that the social security checks in that amount arrived every month for the decedent and that they were given to him in payment of the decedent's room and board. The respondent further testified in such examination that the check in question was taken to the hospital by him where the decedent indorsed the check and gave it to him.

The burden was on petitioner to show that the decedent retained title to these proceeds and to rebut the presumption of delivery of the check with intent to transmit title (Negotiable Instruments Law, § 35; *Matter of Santalucia,* 10 A D 2d 715). The motion to dismiss the proceeding insofar as it seeks to recover the $63 check is, therefore, granted on failure of proof.