■ In the Matter of the Estate of NELLIE M. LUTTRELL, Deceased. MARINE MIDLAND BANK, N. A., as Executor of NELLIE M. LUTTRELL, Deceased, Appellant; EILEEN LA GASSE et al., Respondents. — Appeal from an order of the Surrogate's Court of Essex County (Garvey, S.), entered March 16, 1983, which, *inter alia,* made a summary determination of respondent Eileen La Gasse's title by gift as to moneys and stock originally owned by decedent. Petitioner, the executor of the estate of Nellie M. Luttrell, who died on January 18, 1978, commenced this proceeding pursuant to SCPA 2103 to discover certain property allegedly withheld from the estate by respondent Eileen La Gasse. Respondent did not answer and an inquiry was held (see SCPA 2104). The testimony revealed the existence of a Totten trust in the names of decedent and respondent, which respondent claimed to own due to delivery of the passbook, and of certain stock, which respondent claimed was given as a gift to her by decedent. Respondent moved for an order declaring that she owned the bank account and petitioner contended that respondent was required to file an answer and that a trial by jury was also required. The Surrogate, by decision and order dated October 31, 1979, determined that there was no issue of title of the Totten trust and that the issue of title of the stock was to be stayed pending the outcome of collateral litigation in Supreme Court. Petitioner appealed this order but this court dismissed the appeal. The Supreme Court litigation was voluntarily discontinued by respondent Eileen La Gasse, plaintiff therein. Subsequently, apparently because petitioner never delivered the bank account, respondent sought and was granted an order to show cause why, *inter alia,* the bank account should not be transferred to her and why the stocks should not be deemed her exclusive property. The Surrogate, by decision and order dated March 16, 1983, determined that respondent owned the stock and that petitioner should deliver the bank account to respondent. This appeal by petitioner followed. Initially, we decline to review the order appealed from insofar as it relates to the bank account. Our dismissal of petitioner's appeal from the order of October 31, 1979 settled the issue of the title of the bank account and, if we were to review this issue now, petitioner would be provided a second opportunity to attack the Surrogate's determination regarding the bank account. It would be inappropriate to permit such second opportunity (see *Servidone Constr. Corp. v Security Ins. Co.,* 93 AD2d 918, app dsmd 60 NY2d 586). In her brief, respondent concedes that an answer should have been filed but argues that the absence of an answer was harmless error because, in essence, there was no issue of title raised at the inquiry. Our review of the record reveals that the stocks were owned by decedent and that respondent now claims title to the stocks. In this situation, a verified answer is required (see SCPA 2104, subds 1, 2; *Matter of Coon,* 87 AD2d 966; see, also, 3 Warren's Heaton, Surrogates' Courts [6th ed], § 236, par 4) and a trial, which can be by a jury if demand is made pursuant to SCPA 502 (see Semerad, Practice Commentary, McKinney's Cons Laws of NY, Book 58A, SCPA 2104, pp 400-401), is necessary to resolve the issue of title of the stocks (see SCPA 2104, subd 1; *Matter of Coon, supra*). This determination makes it unnecessary for us to consider the other claims of error in the Surrogate's determination. Order modified, on the law, without costs, by reversing so much thereof as

adjudged respondent Eileen La Gasse to have title to certain stock; respondent directed to file an answer regarding the stock within 20 days of her service of a copy of the order to be entered hereon with notice of entry; and, as so modified, affirmed. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Weiss, JJ., concur.