■ In the Matter of SARAH GERSHENOFF, a Person Alleged to be Incapacitated. MICHAEL GARSON, Appellant; ROBERT KRUGER, Respondent. [793 NYS2d 397]—

Order and judgment (one paper), Supreme Court, New York County (Walter B. Tolub, J.), entered April 2, 2004, which directed Michael Garson to turn over to Robert Kruger, as property management guardian for the allegedly incapacitated Gershenoff, the principal sum of $163,000 with interest from October 13, 2000, unanimously affirmed, without costs.

This is a proceeding to compel an accounting pursuant to Mental Hygiene Law § 81.43 (formerly § 81.44). Sarah Gershenoff had executed a power of attorney naming Michael Garson, her nephew and a Justice of the Supreme Court in the Second Judicial District, as her attorney-in-fact. Garson breached fiduciary duties to his elderly and incapacitated aunt by failing to keep appropriate records of his withdrawals from her accounts to finance gifts and expend cash allegedly on her behalf. The evidence and testimony he produced at the hearing, which included an accountant's cash flow analysis that the court found "fundamentally flawed," did not satisfy Garson's heavy burden of establishing the legitimacy of his undocumented withdrawals and alleged reimbursements (*see Matter of Roth*, 283 AD2d 504 [2001]; *Matter of Kent*, 188 Misc 2d 509 [2001]). Garson's failure to produce contemporaneous records of the cash payments he made on Gershenoff's behalf, allegedly to pay for her living expenses as well as to fund gifts, rendered him liable to her estate for the unaccounted amount. While Garson urges this Court to reverse the entire judgment or at least credit him for uncontroverted expenses that he contends reduced his liability by at least $88,000, we decline to disturb the determination of the IAS court, accepting the property management guardian's contention that there is inadequate documentation to support Garson's explanation for these withdrawals and reimbursements. Concur—Marlow, J.P., Ellerin, Nardelli, Williams and Sweeny, JJ.