■ EMIL WOLFF, Respondent, v IONIAN CONSTRUCTION, INC., et al., Appellants. [819 NYS2d 482]—

In an action to recover on certain promissory notes, the defendants appeal from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated March 7, 2005, which denied their motion, inter alia, for summary judgment dismissing the complaint, and for summary judgment on their counterclaim for a judgment declaring that their aggregate indebtedness to the plaintiff was reduced to the sum of $100,000.

Ordered that the order is affirmed, with costs.

The alleged indebtedness at issue involves two promissory notes, one for the principal sum of $300,000 and one for the principal sum of $100,000, executed by the defendants and payable to Henry Hammerschlag, the plaintiff's decedent. In support of their motion, the defendants submitted a letter dated April 9, 1999, which the plaintiff stipulated constituted a letter signed by the decedent, in which the decedent stated that "the debt owed to me by the Hatgistavrou family is reduced to $100,000" payable in "$2,500 increments, without interest." While the letter satisfied the requirements of General Obligations Law § 5-1103 since it was in writing and "signed by the

party against whom it is sought to enforce the change," it is ambiguous as to whether it refers to the defendants' entire debt, to the $100,000 promissory note, or to the $300,000 promissory note. Further, there are questions concerning the circumstances under which the letter was signed. Accordingly, the defendants did not establish their prima facie entitlement to summary judgment. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.