■ GREG WILDER et al., Respondents, v JANET TOMAINO et al., Appellants, et al., Defendant. [860 NYS2d 184]—

In an action, inter alia, to set aside certain transfers of real property, the defendants Janet Tomaino, Santino Tomaino, National Summit Group, Inc., and James C. Schultz appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Suffolk County (Czygier, J.), dated January 9, 2007, as granted that branch of the plaintiffs' motion which was for summary judgment setting aside the transfers of the decedent's real property.

Ordered that the order is affirmed insofar as appealed from, with costs.

Prior to her death, the 86-year-old decedent commenced this action in the Supreme Court to cancel a deed and recover title to the home that she had occupied for 58 years, which the defendant Janet Tomaino conveyed, through a general power of attorney, to the defendant National Summit Group, Inc., a corporation wholly owned by Janet Tomaino and her husband, the defendant Santino Tomaino. The decedent's unacknowledged signature on the deed was crossed out, and the Tomainos recorded the deed based on the notarized signature of Janet Tomaino acting under a general power of attorney, which the decedent alleged she had unwittingly granted to the Tomainos, as co-agents. Through various conveyances, the property ultimately was transferred to Janet Tomaino.

The plaintiffs made a prima facie showing of entitlement to summary judgment by establishing that beginning with the initial conveyance to the National Summit Group, Inc., the transfers of the decedent's property were invalid, as they were based on the improper exercise of a power of attorney which expressly stated that gifts of the decedent's property could not be made to her co-agents and, in any event, were not made in the decedent's best interests (cf. Matter of Ferrara, 7 NY3d 244, 254 [2006]; Marszal v Anderson, 9 AD3d 711 [2004]). In opposition to the plaintiffs' prima facie showing, the appellants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).

The appellants' remaining contentions are without merit. Rivera, J.P., Spolzino, Dickerson and Eng, JJ., concur.