■ In the Matter of ALFRED D. RAPPAPORT, Deceased. SYLVIA RAPPAPORT et al., Appellants; MARGUERITE DOWNS RAPPAPORT, Respondent. [886 NYS2d 819]—

In a probate proceeding, inter alia, in which Sylvia Rappaport and Lori Rappaport LaCroix petitioned pursuant to SCPA 2103 to discover property withheld from the estate of the decedent, the petitioners appeal from a decree of the Surrogate's Court, Nassau County (Riordan, S.), dated June 16, 2008, which, after a nonjury trial, dismissed the proceeding.

Ordered that the decree is affirmed, without costs or disbursements.

Shortly before their marriage in June 1990, Alfred D. Rappaport (hereinafter the decedent) and Marguerite Downs Rappaport (hereinafter the respondent) entered into a prenuptial agreement which provided that, upon the decedent's death, the respondent was to receive the sum of $100,000 after deducting the value of any other property that she would receive as a result of or upon the decedent's death. The decedent died in 1998, and his will directed that the respondent receive the sum of $100,000 in full satisfaction of his obligation under the prenuptial agreement.

The petitioners, Sylvia Rappaport and Lori Rappaport LaCroix, co-executrices of the decedent's estate, commenced this discovery proceeding against the respondent, alleging, inter alia, that she had converted various items of the decedent's separate property which were part of the estate.

A petitioner in a discovery proceeding pursuant to SCPA 2103 has the burden of proving that the subject property is an asset

of the estate (*see Matter of Santalucia*, 10 AD2d 715 [1960]). The burden then shifts to the respondent to demonstrate that the asset was properly disposed of (*see Matter of Humphreys*, 35 Misc 2d 404 [1962]).

To the extent that the petitioners identified specific items of property alleged to be part of the decedent's estate, the respondent offered satisfactory explanations for their disposition. Accordingly, the Surrogate's Court properly dismissed the proceeding (*see Matter of Santalucia*, 10 AD2d 715 [1960]; *Matter of Berardini*, 238 App Div 433 [1933], *affd* 263 NY 627 [1934]; *Matter of Humphreys*, 35 Misc 2d 404, 405 [1962]).

The petitioners' remaining contentions are without merit. Mastro, J.P., Fisher, Angiolillo and Leventhal, JJ., concur.