■ In the Matter of GRACE O'MALLEY, Deceased. KATHLEEN O'MALLEY, Also Known as KACEY O'MALLEY, Appellant-Respondent; JOHN O'MALLEY, Respondent-Appellant. [929 NYS2d 618]—

" 'A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party . . . In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (*Robinson v 211-11 N., LLC*, 46 AD3d 657, 658 [2007], quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Parlante v Cavallero*, 73 AD3d 1001, 1002 [2010]). Applying this standard here, the Surrogate's Court

properly granted the motion of John O'Malley (hereinafter the respondent) pursuant to CPLR 4401 for judgment as a matter of law dismissing that branch of the petition which asserted a claim for fraud. Contrary to the contention of the administrator c.t.a., Kathleen O'Malley, also known as Kacey O'Malley (hereinafter the petitioner), the evidence presented at the jury trial, viewed in the light most favorable to her, failed to establish that the respondent misrepresented a material fact to his parents prior to the execution of a deed transferring the subject property to induce them to transfer that property to him (*see Fellion v Darling*, 14 AD3d 904 [2005]).

Moreover, viewing the evidence in the light most favorable to the respondent, and according him the benefit of every favorable inference (*see Elias v Ferri*, 46 AD3d 743 [2007]), there was no rational process by which the trier of fact could have found in his favor on the petitioner's claim for the return of certain cash withdrawals made by the respondent from his parents' joint bank accounts. The respondent did not satisfy his heavy burden of establishing, with contemporaneous records, the legitimacy of the cash payments he allegedly made on behalf of his parents with the money he withdrew from their joint bank accounts (*see Matter of Gershenoff*, 17 AD3d 243 [2005]). Accordingly, the Surrogate's Court properly granted the petitioner's motion pursuant to CPLR 4401 for judgment as a matter of law on that branch of the petition which was to direct the respondent to return certain cash withdrawals to the decedent's estate.

Finally, under the particular circumstances of this case, the determination of the Surrogate's Court, made after a nonjury trial, was not inconsistent with the jury verdict.

The parties' remaining contentions are without merit. Angiolillo, J.P., Dickerson, Hall and Roman, JJ., concur.