■ In the Matter of Ronald O. Perelman, as Executor of Claudia Cohen, Deceased. Ronald O. Perelman, Respondent, v James Cohen et al., Appellants. [999 NYS2d 2]—

Order, Surrogate's Court, New York County (Nora S. Anderson, S.), entered on or about February 15, 2013, which, to the extent appealed from as limited by the briefs, denied respondents' motion to dismiss the executor's amended petition insofar as it seeks discovery pursuant to Surrogate's Court Procedure Act § 2103 of decedent's ownership interests, if any, during her lifetime, in businesses owned by her family, unanimously reversed, on the law, without costs, and the motion to dismiss the claim for such discovery granted.

The executor's application for discovery pursuant to SCPA 2103 concerning any ownership interest held by decedent during her lifetime in businesses owned by her family should have been dismissed on the ground that, in the face of respondents' evidence in support of the motion to dismiss, the executor "failed to demonstrate the existence of any *specific* personal property or money which belongs to the estate" (*Matter of Castaldo*, 180 AD2d 421, 421 [1st Dept 1992] [internal quotation marks omitted]), or even a reasonable likelihood that such specific property or money might exist. In support of their motion, respondents offered contemporaneous documentary evidence indicating that, in 1990, decedent had sold her interest (0.36 of one share of stock) in family-owned Hudson County News Company (Hudson) back to the company for consideration comprising $28,500 in cash and a promissory note in the amount of $200,000 payable in installments over five years, and that she thereafter had no interest in that entity, its successors or other family enterprises. In opposition, the executor failed to come forward with any evidence suggesting that (aside from a 401[k] account not at issue on this appeal) decedent may have held any interest in any of the family's businesses after 1990. Notwithstanding the executor's suggestion of the possibility that decedent may not have been paid in full for her interest in Hudson, the executor offers only speculation that decedent might have held some interest in the family businesses after the 1990 transaction. Any claim by decedent to recover Hudson stock or other business interests allegedly converted by respondents would have accrued at the time of the conversion and thus would have been barred by the three-year statute of limitations (CPLR 214 [3]) long before decedent's death in 2007 (*see Matter of Peters v Sotheby's Inc.*, 34 AD3d 29, 36 [1st Dept

2006], *lv denied* 8 NY3d 809 [2007]). Further, any claim for breach of contract based on the 1990 transaction would have become time-barred in 2001, six years after the last installment payment for decedent's fractional share of Hudson stock became due in 1995 (*see* CPLR 213 [2]), and, in any event, such a contractual cause of action would not confer a right to possession of specific personal property or money, as is required to invoke SCPA 2103 (*see Castaldo*, 180 AD2d at 421). Finally, the executor has presented no evidence suggesting that decedent, at the time of her death, may have had a viable fraud cause of action based on the 1990 transaction and, as with a contractual claim, a claim for damages based on any such fraud would not entitle the estate to possession of specific personal property or money.

In view of the foregoing, we need not reach the parties' remaining contentions. Concur—Friedman, J.P., Feinman, Gische and Kapnick, JJ.