◼ In the Matter of SALLY MEZZATESTA, Also Known as STEFANIA MEZZATESTA, Deceased. MICHAEL MEZZATESTA, Appellant; NAN MEZZATESTA, Respondent. [21 NYS3d 113]—In a probate proceeding in which a petition pursuant to SCPA 2103 was filed to recover certain funds on behalf of the decedent's estate, the petitioner appeals from an order of the Surrogate's Court, Suffolk County (Czygier, Jr., S.), dated September 13, 2013, which denied his motion for summary judgment on the petition.

Ordered that the order is affirmed, with costs.

Contrary to the petitioner's contention, the Surrogate's Court properly found that he failed to establish his prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The submissions in support of the motion demonstrated that a hearing is necessary to determine whether the respondent can properly account for the withdrawals and cash expenditures allegedly made on the decedent's behalf (*see generally Matter of O'Malley*, 87 AD3d 1012, 1013 [2011]; *Matter of Campione*, 58 AD3d 1032, 1035 [2009]; *Matter of Gershenoff*, 17 AD3d 243, 243 [2005]).

In addition, the petitioner failed to establish, prima facie,

that the respondent's power of attorney did not expressly grant her the authority to make gifts (see *Matter of Ferrara*, 7 NY3d 244, 254 [2006]; *Wilder v Tomaino*, 52 AD3d 700, 700 [2008]), or that the decedent's alleged exhibition of signs of dementia rendered the decedent wholly and absolutely incompetent to comprehend and understand the nature of the transactions or unable to control her conduct (see *Gala v Magarinos*, 245 AD2d 336 [1997]; *see also Whitehead v Town House Equities, Ltd.*, 8 AD3d 367, 369 [2004]).

Moreover, there are triable issues of fact regarding payments made on the decedent's behalf to certain creditors, and regarding the transfer of funds after the decedent's death. In this regard, it is unclear whether some of the accounts in question were jointly held by the respondent and the decedent, and whether some of the checks made payable to the creditors were signed by the decedent herself.

Finally, the Surrogate's Court correctly determined that the petitioner's argument that the alleged spoliation of evidence provided an independent ground for granting his motion was improperly raised for the first time in his reply papers (see *Canaan v Costco Wholesale Membership, Inc.*, 49 AD3d 583, 584 [2008]).

Accordingly, the Surrogate's Court properly denied the petitioner's motion for summary judgment on the petition. Mastro, J.P., Dickerson, Austin and Maltese, JJ., concur.