In the Matter of MARGARET FISHMAN, Deceased. EVA DEUTSCH, Appellant, v GEL SPICE Co. et al., Respondents. [24 NYS3d 114]—

In a probate proceeding in which Eva Deutsch, as coexecutor of the estate of Margaret Fishman, petitioned pursuant to SCPA 2103 to recover certain sums on behalf of the estate, Eva Deutsch appeals from a decree of the Surrogate's Court, Kings County (Johnson, S.), dated May 22, 2014, which, upon a decision of that court dated April 9, 2014, made after a nonjury trial, dismissed the petition.

Ordered that the decree is reversed, on the law, with costs, the petition is granted, and the matter is remitted to the Surrogate's Court, Kings County, for the entry of a decree in accordance herewith.

The decedent, Margaret Fishman (hereinafter the decedent), died on August 23, 2004, leaving a will naming her two surviving children, Eva Deutsch and Andre Engel, as coexecutors of her estate. During her lifetime, the decedent founded and was an officer of Gel Spice Company, Inc. (hereinafter Gel Spice), which later split into two companies: the respondents Star Snack Co. and Gel Spice Co.

Deutsch petitioned pursuant to SCPA 2103 to recover the sum of $861,459.13 on behalf of the decedent's estate. Deutsch had paid that sum to the respondents while acting in her capacity as coexecutor of the decedent's estate, in satisfaction of an officer's loan that purportedly was owed to the respondents by the decedent. In support of the petition, Deutsch contended that the money was wrongfully paid from the estate to the respondents because Gel Spice had never loaned the decedent any money, or if it had loaned the decedent money, Gel Spice discharged or cancelled the decedent's obligation to repay the loan. The respondents contended that any purported cancellation or discharge of the loan was conditioned upon the decedent bequeathing her remaining shares of Gel Spice stock to certain family members, which she failed to do.

After a nonjury trial, the Surrogate's Court determined that the decedent's debt to the respondents was valid, and that the money that the estate had paid to the respondents was not an asset of the estate. Deutsch appeals.

"Upon review of a determination rendered after a nonjury trial, this Court's authority 'is as broad as that of the trial court,' and this Court may 'render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses' " (*Family Operating Corp. v Young Cab Corp.*, 129 AD3d 1016, 1018 [2015], quoting *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983] [citation omitted]).

Contrary to Deutsch's contentions, the initial burden of proof was on her to prove that the subject money was an asset of the estate (*see Matter of Voyiatgis*, 110 AD3d 911, 912 [2013]; *Matter of Rappaport*, 66 AD3d 1032, 1032-1033 [2009]; *Matter of Kelligrew*, 63 AD3d 1064, 1065 [2009]) and she failed to satisfy this burden. However, Deutsch established that the decedent's obligation to repay the loan was cancelled or discharged by Gel Spice's then-CEO, Andre Engel. The decedent signed a document confirming the balance of the debt that she owed to Gel Spice. Underneath the decedent's signature, Engel wrote that "the above amount [Gel Spice] will reimburse and the loan will be off." This writing satisfied the requirements of General Obligations Law § 5-1103 since it was in writing and "signed by the party against whom it is sought to enforce the change" (General Obligations Law § 5-1103; *see Wolff v Ionian Constr., Inc.*, 32 AD3d 466, 466-467 [2006]; *Old Oak Realty v Polimeni*, 232 AD2d 536, 537 [1996]). Accordingly, the promise to discharge the decedent's loan did not need consideration to be enforced.

Contrary to the respondents' assertions, there was insufficient evidence to demonstrate that the discharge of the decedent's obligation to repay the loan was contingent upon the decedent bequeathing the remainder of her stock in Gel Spice to certain family members. The written discharge does not state that it was contingent upon the decedent bequeathing her stock, and the evidence does not demonstrate that the decedent agreed to bequeath her stock to her family members in consideration for Gel Spice's promise that the loan would be "off" (*see generally Rowe v Kingston*, 94 AD3d 852, 854 [2012]).

Accordingly, Deutsch established that Gel Spice's then-CEO, on behalf of Gel Spice, discharged the decedent's obligation to repay the loan. The money paid by the estate to the respondents in satisfaction of the decedent's discharged debt constituted property of the estate, and the estate is entitled to the return of the sum of $861,459.13 paid in error. Rivera, J.P., Chambers, Sgroi and LaSalle, JJ., concur.