*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 3, 2016                    521492
_____

CHARLES T. DWYER et al.,
                    Appellants,
          v                              MEMORANDUM AND ORDER

PATRICIA VALACHOVIC,
                    Respondent.
_____

Calendar Date:  January 8, 2016

Before:  Peters, P.J., Garry, Egan Jr., Devine and Clark, JJ.

_____

        Richard P. Weinheimer, Fort Plain, for appellants.

        Thomas C. Walsh, Johnstown, for respondent.

_____

Garry, J.

        Appeal from an order of the Surrogate's Court of Fulton
County (Hoye, S.), entered December 23, 2014, which dismissed
petitioner's application, in a proceeding pursuant to SCPA 2103,
to, among other things, direct respondent to deliver certain
property to decedent's estate.

        Decedent died in December 2012, and in her will she left
her property to her five children in equal shares.  Petitioners
are three of her children; respondent is the child with whom she
was living for a period of time prior to her death.  Decedent's
will was admitted to probate, and petitioner Charles T. Dwyer was
granted letters testamentary for the limited purpose of
discovering any assets owned by decedent at the time of her
death.  Petitioners commenced this proceeding pursuant to SCPA
2103 against respondent, seeking information about a vehicle,
bank deposits and rental income alleged to be assets of the

estate.[1]  Respondent denied that she possessed any estate assets, and petitioners submitted a reply.  Surrogate's Court determined that petitioners had neither demonstrated that respondent was in possession of estate assets nor shown reasonable grounds for further inquiry, and, accordingly, denied the request for a hearing and dismissed the petition.  Petitioners appeal.

SCPA 2103 establishes a discovery procedure by which a fiduciary can identify and recover estate assets held by a third party (see Matter of Van Patten, 190 AD2d 322, 326 [1993]; Margaret Valentine Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 2103 at 295).  The fiduciary bears the burden to prove that property held by a respondent is an estate asset; only when that obligation has been satisfied does the burden shift to the respondent to prove the proper disposition of the disputed property (see Matter of Voyiatgis, 110 AD3d 911, 912 [2013]; Matter of Rappaport, 66 AD3d 1032, 1032-1033 [2009]).  We agree with Surrogate's Court that petitioners did not satisfy this initial burden and failed to establish grounds for further inquiry.

First, petitioners submitted no proof whatsoever to support their claim that decedent owned or had an interest in bank deposits totaling approximately $90,000.  The only substantial financial asset in which decedent was shown to have an interest was a sum of $9,000 that respondent was holding for decedent's benefit at the time of her death.  Petitioners acknowledge that these funds were duly distributed following decedent's death.[2]  This sum originated from a savings account that decedent closed in September 2009.  Respondent placed these funds in her own name to protect them in the event that decedent needed long-term care,

---

[1]  Petitioners also sought information about the contents of decedent's house, but, upon appeal, raise no challenge to respondent's assertion that the property was divided among decedent's children.  We thus deem any related claims to be abandoned (see Matter of Van Patten, 190 AD2d 322, 325 [1993]).

[2]  Certain estate-related expenses were deducted before the distribution.

and she testified that she held them solely for decedent's benefit. Petitioners contend that the fact that respondent admittedly placed these funds in her own name indicates that she may have also done so with other funds and used them for her own benefit. Specifically, petitioners rely upon a bank record revealing that the balance in decedent's savings account when it was closed was approximately $14,000, and they assert that the difference of approximately $5,000 between this sum and the amount that respondent admittedly received has not been accounted for. Respondent denies that the remainder of the balance ever came into her possession or that she has any knowledge of how decedent disposed of it, and petitioners proffer no contrary evidence.

We reject petitioners' contention that respondent is obliged to account for the remainder of the account balance on the ground that she held a power of attorney for decedent and therefore had a confidential relationship with her. When there are allegations of undue influence or constructive fraud, the existence of a confidential relationship in which the parties dealt on unequal terms shifts the burden to the more powerful individual to show that there was no deception or undue influence exercised (see Matter of Nealon, 104 AD3d 1088, 1088-1089 [2013], affd 22 NY3d 1045 [2014]; Oakes v Muka, 69 AD3d 1139, 1140-1141 [2010], appeal dismissed 15 NY3d 867 [2010]). Critically, however, in this matter, petitioners do not make any claim that decedent suffered from any physical or mental incapacity, or that she lacked the ability to manage her own affairs and exercise her own free will, and they have neither claimed nor shown any exercise of undue influence. Respondent asserts that decedent was fully financially independent and managed all of her own banking at the time that she closed the savings account; this is wholly undisputed by petitioners. There is no evidence that respondent used the power of attorney in connection with the savings account, or that it was ever used at all. In these circumstances, the mere existence of the power of attorney neither establishes that there was a confidential relationship nor shifts the burden of proof to respondent (see Matter of Bonczyk v Williams, 119 AD3d 1124, 1127 [2014]; compare Matter of Nealon, 104 AD3d at 1089). Further, decedent's September 2009 savings account balance is not subject to discovery, as the

three-year limitations period applicable to any conversion claim pertaining to these funds expired before decedent died (see CPLR 201, 214 [3]; Matter of Perelman, 123 AD3d 436, 436-437 [2014], lvs denied 25 NY3d 905 [2015]; Margaret Valentine Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 2103 at 300).  Accordingly, petitioners established no reasonable basis for further inquiry on this ground.

Likewise, petitioners established no grounds for inquiry related to decedent's joint checking account with respondent. This account was opened in August 2010 with a balance of roughly $1,500; it was funded by decedent's Social Security payments and held approximately $600 at the time of her death.  Petitioners make no claim that this balance was improperly withheld by respondent.  Instead, they assert that respondent could have taken advantage of the fact that she was named on the account to divert other account funds to herself.  The only proof offered to support this speculative claim, however, is monthly account statements, which reveal that several small checks were written each month without indicating the names of the check payees, or whether they were endorsed by decedent or respondent.  Respondent asserts that these payments covered decedent's routine expenses; there is no evidence that any such payments were made improperly, or made either to or by respondent.  The fact that respondent was the only one of decedent's children listed on the account, while others had also been listed on previous joint accounts, does not shift the burden of proof in the absence of any showing that respondent exerted undue influence or transferred funds to herself (see Matter of Graeve, 113 AD3d 983, 984-985 [2014]).

Next, petitioners assert that respondent should account for rental income due to decedent under a September 2010 lease that decedent entered into with her grandson — respondent's son — and his wife.[3]  Decedent's bank records fail to reveal that she ever received these rent payments.  However, as previously noted, petitioners have neither claimed nor shown that decedent lacked

_____

[3]  Decedent had life use of the leased premises, which she and her now-deceased husband had previously conveyed to their children.

capacity to handle her financial affairs, and the record does not reveal that respondent handled any transactions relative to this lease on decedent's behalf, nor that she was responsible for collecting the rent. Decedent signed the lease with the tenants, in which the tenants agreed to make monthly rent payments to decedent. Decedent thereafter executed lease extensions in 2011 and 2012, and, again, respondent was not a signatory. Whether decedent forgave the rent payments, or whether she collected them and made some disposition that is not reflected in her bank records, is irrelevant in the absence of any evidence that respondent ever possessed the payments or was in any manner responsible for collecting and accounting for them.

Finally, petitioners argue that further inquiry is required regarding decedent's 2003 Buick Century automobile, which respondent asserts that decedent transferred to her as a gift in September 2009. As petitioners contend, a respondent's claim of title in SCPA 2103 proceedings to an asset that was previously owned by a decedent ordinarily gives rise to a triable issue of fact (see Matter of Luttrell, 99 AD2d 603, 603 [1984]). Here, however, in view of the vehicle's age and limited value and the remoteness in time of petitioners' claim, Surrogate's Court elected to exercise its discretion to deny petitioners' request for a hearing on this issue. We note that any claim for recovery of the vehicle accrued in September 2009, more than three years before decedent's death, and is therefore time-barred (see CPLR 214 [3]; Matter of Perelman, 123 AD3d at 436-437). As such, and in view of all the circumstances, we find no abuse of the court's "broad discretion in discovery proceedings to accomplish justice" (Margaret Valentine Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 2103 at 301). Given petitioners' failure to meet their burden to establish on a prima facie basis that any of the disputed property belonged to the estate, the petition was properly dismissed (see Matter of Perelman, 123 AD3d at 436-437; Matter of Rappaport, 66 AD3d at 1033; see also Matter of Fishman, 134 AD3d 1110, 1112 [2015]).

Peters, P.J., Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court