■ In the Matter of KEITH EDWARD ELAM, Also Known as GURU, Deceased. LANA VAYDA et al., as Administrators of the Estate of KEITH EDWARD ELAN, Also Known as GURU, Deceased, Respondents; JOHN MOSHER, Appellant. [34 NYS3d 97]—

In a probate proceeding in which Lana Vayda and Patricia Elam, administrators of the estate of Keith Edward Elam, also known as Guru, petitioned pursuant to SCPA 2103, inter alia, to recover certain property on behalf of the estate, John Mosher appeals from a decree of the Surrogate's Court, Rockland County (Walsh II, S.), dated March 12, 2014, which upon, among other things, a decision of the same court dated February 3, 2014, made after a nonjury trial, in effect, granted the petition, and, inter alia, directed that he, in effect, deliver to the estate the sum of $30,000 purportedly received by him from the AFTRA Health Fund Group Life Insurance Policy of

Keith Edward Elam, also known as Guru, and the sum of $25,688 purportedly received by him from the AFTRA Retirement Fund of Keith Edward Elam, also known as Guru, enjoined him, among other things, from utilizing certain writings and recordings of Keith Edward Elam, also known as Guru, and directed that he turn over the subject writings, recordings, and related materials to the estate.

Ordered that the decree is modified, on the law and the facts, (1) by deleting the second, third, eleventh, and twelfth decretal paragraphs thereof, (2) by deleting from the fifteenth decretal paragraph thereof the words "in the total amount of $169,850.36 for the following unauthorized transactions" and substituting therefor the words "in the total amount of $114,162.36 for the following unauthorized transactions," (3) by deleting from the fifteenth decretal paragraph thereof the provisions "(f) $30,000 received by Mosher from Keith Elam's AFTRA Health Fund Group Life Insurance Policy"; and "(g) $25,688.00 received by Mosher from Keith Elam's AFTRA Retirement Fund," and (4) by deleting from the sixteenth decretal paragraph thereof the words "the amount of $169,850.36" and substituting therefor the words "the amount of $114,162.36"; as so modified, the decree is affirmed, without costs or disbursements.

Lana Vayda and Patricia Elam (hereinafter together the petitioners), as administrators of the estate of Keith Edward Elam, also known as Guru (hereinafter the decedent), filed a petition pursuant to SCPA 2103, inter alia, to recover, on behalf of the estate, certain property held by John Mosher, a former business partner of the decedent. After a nonjury trial, the Surrogate resolved credibility issues in favor of the petitioners, granted the petition in its entirety, and issued a decree directing Mosher, among other things, to, in effect, deliver certain assets to the estate. Mosher appeals.

" '[I]n a nonjury trial, evaluating the credibility of the respective witnesses and determining which of the proffered items of evidence are most credible are matters committed to the trial court's sound discretion' " (*Goldstein v Guida*, 74 AD3d 1143, 1144 [2010], quoting *Ivani v Ivani*, 303 AD2d 639, 640 [2003]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 497 [1983]; *Matter of Fishman*, 134 AD3d 1110, 1111 [2015]).

A fiduciary petitioning under SCPA 2103 must show that someone is wrongfully holding property that belongs to the estate (*see* SCPA 2103; Margaret V. Turano, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA

2103). The petitioner bears the initial burden of proving that the subject property is an asset of the estate (*see Dwyer v Valachovic*, 137 AD3d 1369 [2016]; *Matter of Rappaport*, 66 AD3d 1032, 1032-1033 [2009]; *see also Matter of Voyiatgis*, 110 AD3d 911, 912 [2013]; *Matter of Kelligrew*, 63 AD3d 1064, 1065 [2009]).

Here, the factual and credibility determinations of the Surrogate's Court with regard to the estate's ownership interest in certain corporations and trademarks, as well as Mosher's alleged wrongful conversion of certain funds belonging to the estate, are supported by the record. Thus, there is no basis to disturb the Surrogate's determination with respect to these assets. However, the court's determination that Mosher improperly received $30,000 from the decedent's AFTRA Health Fund Group Life Insurance Policy and $26,688 from the decedent's AFTRA retirement fund, and that Mosher, in effect, held no interest in any writings, drawings, designs, lyrics, or notes created by the decedent and/or any recordings embodying the decedent's voice and/or image, are not supported by the record. Accordingly, the Surrogate should not have directed Mosher to, in effect, deliver these assets to the estate.

Mosher's additional contention that the Surrogate's Court erred in declining to grant a mistrial is without merit. Eng, P.J., Mastro, Maltese and LaSalle, JJ., concur.