Matter of Salz v Bellagio, LLC (2018 NY Slip Op 04965)





Matter of Salz v Bellagio, LLC


2018 NY Slip Op 04965


Decided on July 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Tom, JJ.


7058 File 1729C/81 1729D/81

[*1]In re Marc Salz, etc., Petitioner-Appellant,
v
Bellagio, LLC, et al., Respondents-Respondents.
In re Marc Salz, etc., Petitioner-Appellant,
v
Christies, Inc., et al., Respondents-Respondents.


Law Office of Irina Tarsis, Brooklyn (Irina Tarsis of counsel), for appellant.
Jules Martin Haas, New York, for Bellagio LLC, MGM Resorts International and Mirage Resorts, Incorporated, respondents.
Hunton Andrew Kurth LLP, New York (Joseph A. Patella of counsel), for Christie's Inc., respondent.
Cahill Cossu Noh & Robinson LLP, New York (Paul Cossu of counsel), for Sotheby's, Inc., respondent.
McDermott Will & Emery LLP, New York (Lisa A. Linsky of counsel), for Carlyn S. McCaffrey, respondent.
George W. Wright & Associates, LLC, New York (George W. Wright of counsel), for Day & Meyer, Murray & Young Corp., respondent.
Mark N. Bloom, New York, for Carol Chamlin, respondent.



Order, Surrogate's Court, New York County (Rita Mella, S.), entered on or about July 21, 2017, which denied the petitions to discover property withheld from the estate of Sam Salz, and dismissed the proceedings, unanimously affirmed, with costs.
The Surrogate correctly determined that petitioner's claims were barred by the statute of limitations for fraud (see Gutkin v Siegal, 85 AD3d 687 [1st Dept 2011]). It is undisputed that the most recent alleged fraud occurred in 1986, when the decedent's widow (his third wife) presented the estate accounting. By his own account, petitioner's suspicions were aroused in 1999, after his mother (the decedent's second wife) died. However, he did not seek discovery or appointment as an administrator until 2016, 17 years after he had been placed on inquiry notice of the possibility of fraud, and he failed to account for the delay.
Moreover, the petitions failed to identify property owned by the decedent at the time of his death that may not have been properly accounted for (see Matter of Perelman, 123 AD3d 436 [1st Dept 2014], lv denied 25 NY3d 905 [2015]). The allegations in the petitions about various [*2]paintings that may at one time have been owned by the decedent are insufficient to permit a conclusion that the decedent still owned those paintings at the time of his death, particularly since he was an active art dealer.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 5, 2018
CLERK