Matter of Gacovino (2020 NY Slip Op 07058)





Matter of Gacovino


2020 NY Slip Op 07058


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-13771

[*1]In the Matter of Robert John Gacovino, Sr., etc., deceased. Paula B. Wunder, appellant; Capital One Bank, N.A., et al., respondents. (File No. 372997/13)


Gunilla Perez-Faringer, White Plains, NY, for appellant.
Lazer Aptheker Rosella & Yedid, P.C., Melville, NY (Joseph C. Savino of counsel), for respondent Capital One Bank, N.A.
Polizzotto & Polizzotto, LLC, Brooklyn, NY (Emilio Rodriguez of counsel), for respondent Robert John Gacovino, Jr.



DECISION & ORDER
In a probate proceeding in which Paula B. Wunder petitioned, inter alia, pursuant to SCPA 2103 for the turnover of certain funds on behalf of the estate, the petitioner appeals from a decree of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated August 8, 2018. The decree, upon the granting of the motion of Capital One Bank, N.A., joined by Robert John Gacovino, Jr., pursuant to CPLR 4401, made at the close of the petitioner's case, for judgment as a matter of law dismissing the petition, dismissed the petition.
ORDERED that the decree is affirmed, with one bill of costs.
In November 2011, Robert J. Gacovino, Sr. (hereinafter the decedent), opened an account at the respondent Capital One Bank, N.A. (hereinafter Capital One), in trust for the respondent Robert J. Gacovino, Jr. (hereinafter Gacovino Jr.). The decedent died in December 2012, and in January 2013, Gacovino Jr. went to a Capital One branch and withdrew all of the funds in the account.
Thereafter, the petitioner, the executor of the decedent's estate, commenced this proceeding pursuant to SCPA 2103, seeking, inter alia, turnover of the account funds from Capital One and Gacovino Jr. A trial took place in May 2018, and at the close of the petitioner's case, Capital One moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the petition. Gacovino Jr. joined in Capital One's motion. The Surrogate's Court granted the motion and dismissed the petition. The petitioner appeals.
"A fiduciary petitioning under SCPA 2103 must show that someone is wrongfully holding property that belongs to the estate" (Matter of Elam, 140 AD3d 754, 755; see SCPA 2103; Margaret Valentine Turano, 2015 Supp Practice Commentaries, McKinney's Cons Laws of NY, SCPA 2103). "The petitioner bears the initial burden of proving that the subject property is an asset of the estate" (Matter of Elam, 140 AD3d at 756; see Matter of Fishman, 134 AD3d 1110; Matter [*2]of Rappaport, 66 AD3d 1032, 1032-1033). "The burden then shifts to the respondent to demonstrate that the asset was properly disposed of" (Matter of Rappaport, 66 AD3d at 1033; see Matter of Van Bogelen, 204 AD2d 650).
"A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party. In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Matter of O'Malley, 87 AD3d 1012, 1013 [internal quotation marks omitted]).
Here, we agree with the determination of the Surrogate's Court to grant the motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the petition, as the petitioner failed to satisfy her initial burden of establishing that the account was an asset of the estate (see Matter of Fishman, 134 AD3d at 1112).
The petitioner's remaining contentions are without merit.
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court