Matter of Canandaigua Natl. Bank & Trust Co. v Brighton Sec. Corp. (2023 NY Slip Op 01610)

Matter of Canandaigua Natl. Bank & Trust Co. v Brighton Sec. Corp.

2023 NY Slip Op 01610

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

143 CA 22-00739

[*1]IN THE MATTER OF THE CANANDAIGUA NATIONAL BANK & TRUST COMPANY, PETITIONER-RESPONDENT,
v
BRIGHTON SECURITIES CORP., RESPONDENT, JOHN R. ACCORSO AND KATHLEEN E. ACCORSO, RESPONDENTS-APPELLANTS. 

TREVETT CRISTO, ROCHESTER (DAVID H. EALY OF COUNSEL), FOR RESPONDENTS-APPELLANTS.
UNDERBERG & KESSLER LLP, ROCHESTER (ERICKA B. ELLIOTT OF COUNSEL), FOR PETITIONER-RESPONDENT.

 Appeal from an amended order of the Supreme Court, Monroe County (Anne Marie Taddeo, J.), entered November 24, 2021. The amended order, inter alia, directed respondent Brighton Securities Corp. to turn over certain funds to petitioner. 
It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this special proceeding pursuant to CPLR 5225 (b) and 5227 seeking an order directing respondent Brighton Securities Corp. (Brighton) to turn over to petitioner's counsel funds held by Brighton in a joint brokerage account belonging to respondents-appellants, John R. Accorso and Kathleen E. Accorso (collectively, respondents), to satisfy a judgment against John R. Accorso. Supreme Court granted the petition, and respondents appeal. We affirm.
Contrary to respondents' contention, the court properly granted the petition and ordered turnover of all funds in the joint brokerage account. "In a summary proceeding such as a turnover proceeding pursuant to CPLR 5225 (b), a court is authorized to make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised . . . A court in a turnover proceeding will apply summary judgment analysis and[,] absent a factual issue requiring a trial, the matter will be summarily determined on the papers presented" (Matter of Centerpointe Corporate Park Partnership 350 v MONY, 96 AD3d 1401, 1402 [4th Dept 2012], lv dismissed 19 NY3d 1097 [2012] [internal quotation marks omitted]). Here, respondents admitted in their answer that their interests in the brokerage account were that of joint tenants with the right of survivorship. "[E]ach named tenant is possessed of the whole account so as to make the account vulnerable to the levy of a money judgment by the judgment creditor of one of the joint tenants" (Tayar v Tayar, 208 AD2d 609, 610 [2d Dept 1994] [internal quotation marks omitted]; see RP Old Riverhead, Ltd. v Hudson City Sav. Bank, 106 AD3d 914, 914 [2d Dept 2013]). We therefore conclude that all funds held in the joint brokerage account are subject to the levy of a money judgment by petitioner.
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court