Matter of Telian (2025 NY Slip Op 03611)

Matter of Telian

2025 NY Slip Op 03611

Decided on June 12, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 12, 2025

CV-24-0179
[*1]In the Matter of the Estate of Ernest L. Telian. Margaret Telian et al., as Administrators of the Estate of Ernest L. Telian, Deceased, Respondents; Sherri Manning, Appellant.

Calendar Date:April 21, 2025

Before:Egan Jr., J.P., Reynolds Fitzgerald, Fisher, Powers and Mackey, JJ.

Conway, Donovan & Manley, PLLC, Albany (Ryan E. Manley of counsel), for appellant.
Butler, Mucci & Grace, LLP, Vestal (Matthew C. Butler of counsel), for respondents.

Powers, J.
Appeal from an order of the Surrogate's Court of Delaware County (John Hubbard, S.), entered January 18, 2024, which, in a proceeding pursuant to SCPA 2103, among other things, granted petitioners' motion for summary judgment and directed respondent to turn over certain real property to the estate.
In 2012, respondent and Ernest L. Telian (hereinafter decedent) were divorced by a judgment of divorce that incorporated, but did not merge, a previously agreed-upon stipulation of settlement. Relevant to the issues presented here, as a term of this settlement, it was agreed upon that respondent would convey certain real property located in the Town of Delhi, Delaware County, to decedent and forgo any interest in this property. In return, decedent would pay a specified amount to respondent for her interest in the subject property. Despite decedent taking possession of the property, he failed to remit complete payment and respondent did not execute a deed conveying the property, resulting in extensive litigation. This litigation concluded with a 2018 order by Supreme Court (Lambert, J.) directing that respondent execute the required deed and decedent execute a mortgage over the property in respondent's favor for the unpaid balance. Nevertheless, they again failed to do so. Decedent died testate in February 2022 and, in the days following his death, respondent took possession of this property.
Petitioners commenced this proceeding pursuant to SCPA 2103 in April 2022, seeking to determine the assets of decedent's estate. Initially, petitioners were granted limited letters of administration and respondent was enjoined from transferring, liquidating, selling or distributing any of decedent's assets — including the subject property. Petitioners subsequently moved for summary judgment arguing that, despite the subject property being titled in respondent's name, it was an asset of the estate as it belonged to decedent at his death pursuant to the 2012 settlement and 2018 order. In opposition, respondent cross-moved for summary judgment arguing, in part, that decedent had failed to satisfy his obligations and, therefore, she remained the titled owner of the property and it was not an asset of the estate. Surrogate's Court (Hubbard, S.) granted petitioners' motion and denied respondent's cross-motion, finding that decedent had a right of ownership to the property at the time of his death pursuant to the stipulation and further delineated by the 2018 order, making the property an asset of the estate. Respondent appeals, claiming that the property is not an asset of the estate and, as such, the court erred in granting petitioners' motion for summary judgment.
We affirm. "A proceeding pursuant to SCPA 2103 is meant to provide a vehicle through which the fiduciary can obtain information needed to determine the assets of the estate or the value thereof, as well as to effectuate a return of the property to the fiduciary" (Matter of Friedman, 236 AD3d 1148, 1149 [3d [*2]Dept 2025] [internal quotation marks and citations omitted]). Thus, "to be entitled to summary judgment, the [fiduciary] must make a prima facie showing that the subject property belonged to the decedent at the time of his or her death" (Matter of Murray, 84 AD3d 106, 112 [2d Dept 2011], lv denied 18 NY3d 874 [2012]; see Matter of Canandaigua Natl. Bank & Trust Co. v Brighton Sec. Corp., 214 AD3d 1443, 1443 [4th Dept 2023]; cf. Dwyer v Valachovic, 137 AD3d 1369, 1370 [3d Dept 2016]). Property, as used in SCPA 2103, is defined to "include any and all personal or real property in which decedent had any interest" (SCPA 2103 [2]). As such, it is the fiduciary's burden to demonstrate that the decedent had an interest in the property at issue.
As mentioned above, in 2012, respondent and decedent entered a stipulation of settlement as to their divorce proceedings.[FN1] Relevant to the property in question here, they agreed that respondent would convey the property to decedent and that she would retain no ownership interest therein. In return, decedent would pay respondent $420,000 to be satisfied by an initial payment of $200,000 and the remainder to be by way of a mortgage in respondent's favor over the property. However, decedent failed to remit complete payment and respondent failed to execute a deed transferring the property, resulting in protracted litigation. This litigation culminated in the aforementioned 2018 Supreme Court order finding that respondent was obligated to transfer the property to decedent and directing that she execute a deed doing so. In conjunction therewith, decedent was ordered to execute a mortgage for the unpaid remainder of the distributive award. However, they likewise failed to comply with this order.
By providing, among other things, the 2012 stipulation as well as the subsequent 2018 order, petitioners demonstrated that decedent had an interest in the subject property at the time of his death and, therefore, it was an asset of the estate (see Matter of Shatraw, 66 AD3d 1293, 1295 [3d Dept 2009]). The failure to execute a deed transferring the property to decedent does not negate decedent's interest in the property. It is, instead, demonstrative of the persistent noncompliance by both decedent and respondent with the initial stipulation and subsequent order as was required by law. Accordingly, petitioners satisfied their burden on summary judgment and the burden shifted to respondent to raise an issue of fact in opposition (see Matter of Hart [Brown], 194 AD3d 933, 934-935 [2d Dept 2021]; Matter of Murray, 84 AD3d at 115; compare Dwyer v Valachovic, 137 AD3d at 1373). Although respondent's proof provided a more detailed view of the litigation concerning the stipulation, it failed to raise a material issue of fact as to decedent's interest in the subject property at the time of his death (see Matter of Hart [Brown], 194 AD3d at 934-935; Matter of Murray, 84 AD3d at 115). Thus, we find that Surrogate's Court appropriately granted [*3]petitioners' motion for summary judgment.
This is not to say respondent is without remedy. As Surrogate's Court found, decedent's failure to comply with the terms of the stipulation and the 2018 order renders her a creditor of the estate. Resultantly, the court appropriately directed the estate to satisfy the debt owed. We take the opportunity to further note that this debt must be satisfied in compliance with the prioritization schedule set forth by SCPA 1811 (2) and, despite the 2012 stipulation of settlement waiving interest, that statutory interest is owed from the date of entry of the 2018 order (see CPLR 5002, 5003; Toledo v Iglesia Ni Christo, 18 NY3d 363, 369 [2012]).
Egan Jr., J.P., Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: A stipulation of settlement is "a legally binding, independent contract between the parties" (Bell v Bell, 151 AD3d 1529, 1529 [3d Dept 2017]; see Daryl N. v Amy O., 222 AD3d 1054, 1057 [3d Dept 2023]; Harris v Schreibman, 200 AD3d 1117, 1124 [3d Dept 2021]).